JOSEPH A. WILLIAMS v. NARCISSA HOLLINGSWORTH.

FORMER JUDGMENT. *Res judicata.* A decree in the supreme court upon a hearing upon a record wherein it is recited and adjudged: "and it appearing that there is no equity in complainant's bill, the same is therefore dismissed," is a decree upon the merits, even though there was a demurrer to the bill for want of jurisdiction.

FROM GREENE.

Appeal in error from the Circuit Court of Greene county.    J. A. McKinney, J.

H. H. Ingersoll and R. M. McKee for Williams.

W. P. Gillenwaters and Newton Hacker for Hollingsworth.

Freeman, J., delivered the opinion of the court.

This is an action brought by Narcissa Hollingsworth on alleged breach of promise to marry her by defendant Williams.

The case has been to this court before and reversed. It comes now on a verdict and judgment for the plaintiff.

The first question presented is, whether the circuit judge correctly adjudged on an issue, asserting a former adjudication, which came before him under a surrejoinder, raising this question, by averring there was. no record as alleged.

The facts are as follows: In August, 1862, a written compromise of a suit then pending for the same cause of action as the present one, was made between the parties, signed by both, by which, on payment of $350 and the costs accrued, by Williams, the suit was to be dismissed. The money in Confederate notes was paid, and the case regularly dismissed. When this second suit had been commenced after the war, plaintiff filed her bill in the chancery court, alleging that this compromise was obtained by fraud or duress, and praying that defendant be enjoined from setting up said compromise as an accord and satisfaction, or pleading said judgment in bar of a recovery in the present action.

A demurrer was filed, raising the question, that the circuit court, where the case was pending, had jurisdiction to afford the relief, and having a complete remedy there, the chancery court had no jurisdiction. This demurrer was overruled. Defendant answered, denying the fraud or duress charged, and the case was heard on full proof, and decree rendered for complainant. On appeal to this court, that decree was reversed, and the following decree made: After reciting the appointment of a special judge in the place of Judge Deaderick, who was incompetent, having been of counsel, it proceeds: "And it appearing to the court that there is no equity in complainant's bill, the decree of the chancellor is reversed, the injunction dissolved and complainant's bill dismissed;" and then adjudges the costs against her and her sureties.

The circuit judge held this was not a decree on

the merits, as to the matters involved in the plea and rejoinders. The correctness of this judgment is the first question to be settled. If the court erred, then a reversal would be conclusive of the result in this case. We can but construe this decree by its terms in connection with the issues made by the pleadings. It is a final decree, and reverses *the decree* of the chancellor, and dismisses the bill. *Prima facie* such a decree is on its merits. This *might,* it is true, have been done in this court on the point raised by the demurrer; but then the appropriate entry would have been, that the chancellor erred in not sustaining the demurrer of respondent, and his decree in this reference is reversed, and the bill dismissed.

There is some conflict in the authorities on a somewhat analogous question, that is, a class of cases in which it is held evidence *aliunde* may be introduced to show that the causes of action were the same in two cases, one decided and judgment rendered, the other pending, where *res adjudicata* is the defense. The weight of authority is, as stated by Mr. Freeman on Judgments, p. 276, "where the declaration shows the causes of action may be the same, it is incumbent on the party bringing the second action to show they are not the same." "A party who brings a second suit must not leave it to nice investigation to see whether the two causes of action are the same. He ought to show, beyond doubt, that the second is a different cause of action from the first, in which he failed."

So it would seem, that the party who seeks to

Williams *v.* Hollingsworth.

show that the adjudication in a case, where the precise question was involved, was not conclusive, because not on the merits but on some other ground, should make it clearly to appear, that this latter was the ground on which the judgment was rendered, and not on the other ground, which would conclude him.

While the language of this decree is not as definite as it might be, still the fair construction of it is, that the decree appealed from was reversed, and the bill dismissed, the word bill being used for the word case; that is, that there was no equity in complainant's case, therefore bill dismissed. If the demurrer had been allowed, it could scarcely be that the complainant, who was interested to prevent the conclusive effect of the decree, would have allowed a decree to be entered that did not save her rights. We must assume ordinary watchfulness and skill on the part of counsel in looking after the interest of their clients.

We conclude this decree must be held to have been on the merits, was conclusive of the questions in issue, and therefore the court erred, and the case must be reversed and the proper judgment rendered, that the record presented did show the matter to be *res adjudicata*. This is conclusive of this case. We should probably be compelled to reverse on other grounds, but need not refer to them after what we have said.

Reverse judgment, and enter a judgment here in accord with this opinion.