## McGREGOR *et ux. v.* GILL.

### (*Nashville.* December Term, 1904.)

1. **COMMON CARRIER.** Who is.

A common carrier of passengers is one who undertakes for hire to carry all passengers indifferently who may apply for passage, and to constitute one, a common carrier, it is necessary that he should hold himself out to the community as such.

·Case cited and approved: N. & C. R. R. Co. v. Messino, 1 Sneed, 220.

-2. **SAME.** Livery-stable keeper is not.

A livery-stable keeper who lets his conveyances for hire, either with or without drivers, as occasional demands are made upon him by his customers, is not a common carrier, but a private carrier for hire, and the extent of his obligation is to exercise that degree of care and skill in the selection of the vehicle and team which he lets, and of the driver which he sends in charge, that a prudent man, having due regard for his social relations, would bestow on such a matter.

Case cited and distinguished: Lawrence v. Hudson, 12 Heisk., 671.

---

### FROM MONTGOMERY.

---

Appeal from the Circuit Court of Montgomery County.—B. D. BELL, Judge.

DANIEL & DANIEL and LEECH & PONDER, for McGregor et ux.

MICHAEL SAVAGE and DANCY FORT, for Gill.

MR. CHIEF JUSTICE BEARD delivered the opinion of the Court.

This is an action to recover damages for personal injuries sustained by Mrs. McGregor. The trial resulted in a verdict and judgment in favor of the defendant in the court below, and the plaintiffs have appealed.

The defendant Gill was a livery-stable keeper in the city of Clarksville. In August, 1902, he was called upon by Mr. Tyler, of that city, who stated to him that his sister-in-law, Mrs. Draughon and her son, with a young lady companion, were upon a steamboat which was stranded in the river some thirty miles above Clarksville, and he asked the defendant in error to furnish a wagon and a driver to go for them and their baggage, and bring them through the country into the city. Gill consented to do so, and thereupon Mr. Tyler selected the conveyance, and asked that it be sent under the charge of a white driver, as he thought it probable these ladies would desire to come through the country at night, and he thought it would be safer for them to be with a white, than with a negro, driver. To this Gill replied that his drivers were negroes, but that in an emergency he was in the habit of employing one Hatcher, and asked Mr. Tyler whether the employment of Hatcher for this drive would be acceptable to him. Mr. Tyler agreed that it would be. Putting the wagon under the charge of Hatcher, Gill started it to the point on the river opposite to the sandbar on which the boat was lodged, which point was reached about six o'clock in the evening. Mrs.

Draughon, at whose instance the conveyance had been sent, invited Mrs. McGregor, who was one of the passengers on the boat, together with others, to take seats in the conveyance, and go in it to Clarksville. This invitation was accepted. The baggage was loaded into the wagon, and Mrs. McGregor and others took seats in it. Under the direction of these parties Hatcher at once started, during the night, on his return trip to Clarksville. On his way back, at a point where there was considerable depression in the road, by apparently careless driving the wagon was overturned, and Mrs. McGregor was seriously injured. For this injury the present suit was instituted.

The record shows that Hatcher, the driver, was well known and esteemed in the community of Clarksville; but that he was regarded, not only by Gill, but by others who had the best opportunity of being acquainted with his character and habits, as an unusually safe and trusty driver.

Under these facts we know of no principle which would authorize the maintenance of this action. The defendant in error was not in any sense a common carrier. To the contrary, he was clearly a private carrier for hire, and as such the extent of his obligation was to exercise that degree of care and skill in the selection of the vehicle and team which he let, and of the driver he sent in charge which a prudent man, having due regard for his social relations, would bestow in such a matter. This court, in *N. & C. R. R. Co.* v. *Messino*, 1

Sneed, 220, approved as sound the following charge of the circuit judge in that case: "A common carrier of passengers is one who undertakes for hire to carry all persons indifferently who may apply for passage. . . . To constitute one a common carrier it is necessary that he should hold himself out to the community as such."

This definition is in strict accord with the text as found in volume 6, p. 534, Cyc., and Hutchinson on Carriers, 48; Story on Bailments, section 495; Thompson on Negligence, vol. 3, section 2537; and Hale on Bailments and Carriers, 489. And it necessarily excludes a livery-stable keeper, who lets for hire his conveyances, either with or without drivers, as occasional demands are made upon him by his customers. As was said by the circuit judge in the course of his charge in the *Messino* case, above quoted from: "It is not every carrying of passengers for hire that constitutes a party a common carrier. A party having the conveniences for carrying persons may in some, or perhaps in many, cases carry passengers for hire, when done at the instance of the passengers, and for their accommodation, without incurring the responsibilities of common carriers."

The present case bears no likeness to that of *Lawrence v. Hudson,* 12 Heisk., 671, relied on as authority by the plaintiff in error. In that case the defendant was the owner of a line of omnibuses running from Nashville to Edgefield, holding himself out to the public as ready and willing to carry for hire all persons who offered themselves as passengers. This owner was, upon all the

McGregor et ux. v. Gill.

authorities, a common carrier, and was properly held to the full limit of liability imposed upon one so engaged.

Upon the undisputed fact in the record that Gill exercised reasonable prudence in the selection of the driver of the wagon, he was not liable, even if negligent driving occasioned the injury of which plaintiffs complain.

Judgment is affirmed.