ANNA VAUGHN AND DOUGLASS VAUGHN *v.* MILLINGTON
MOTOR CO.*

(*Nashville.* December Term, 1929.)

Opinion filed, December 21, 1929.

*On liability of bailor for personal injuries due to defects in subject
of bailment, see annotation in 12 L. R. A. (N. S.), 632; 12 A. L. R.,
774; 61 A. L. R., 1336; 3 R. C. L., 138; R. C. L. Perm. Supp., p. 729.

R. O. VALLEY, for plaintiff in error.

GROVER McCORMICK, for defendant in error.

MR. JUSTICE COOK, delivered the opinion of the Court.

Anna Vaughn and her husband brought separate suits for damages against defendant Millington Motor Company. The consolidated causes are here upon appeal from a judgment of the trial judge sustaining the de-

fendants' demurrers and dismissing the suits. The question presented by the appeal and assignments of error is whether or not the Millington Motor Company, a bailor for hire, is liable for injuries to Anna Vaughn, a third party, caused by defects in a truck, controlled and operated by W. A. Sigler, the bailee.

It appears from the declarations setting forth plaintiffs' statement of the case that defendant Motor Company rented a Ford truck to Sigler for "use on his farm and elsewhere in gathering and marketing his strawberry crop." It is charged that the brakes and the horn on the truck were defective or incapable of use, that such defects were known, or by reasonable diligence could have been known, to the Motor Company and as a consequence of the defects the truck backed against Anna Vaughn, breaking her leg.

While it is charged that an employee of Sigler was operating the truck and knew of the defects, it is not stated that this fact was known to Sigler. According to the statements of the declaration, the truck was standing by a barn on Sigler's premises near where plaintiff Anna Vaughn and other women berry pickers were assembled when the driver, unexpectedly backed the truck into the crowd of women, and injured Anna Vaughn among others. It is charged that the driver of the truck could not signal his approach because there was no horn on the truck and could not stop it because the brakes were defective, and that these defects were the proximate cause of the injury.

The only question to be considered is whether or not the declaration states a cause of action. Under the contract of bailment for hire Sigler acquired a possessory right, to the exclusion of the defendant Motor Company,

for the period of time and for the use intended. Under such contracts, ordinarily, the bailee is responsible to the owner for reasonable care of the subject of bailment and to third persons for its negligent use, by himself or servants. 6 Corpus Juris, 1117 and 1151, 3 R. C. L., 154.

Counsel for the defendant Motor Company bases his insistence of nonliability of the bailor upon the foregoing proposition, which is sound, but which falls short of the case stated in the declaration which charges the bailor with an omission of duty beyond the contract.

Under the contract of bailment for hire and use the bailee becomes, for the time being, the proprietor of the object of bailment, and the contractual obligation of the bailor rests upon principles applicable to contracts of sale or for the manufacture of specific goods. For a discussion of the principle referred to see *Boyd* v. *Bottling Works,* 132 Tenn., 23, and *Burkett* v. *Manufacturing Co.,* 126 Tenn., 472.

An attempt to extend the contractual obligations of the bailor into the domain of negligence, as a means of measuring rights as between the bailor and third persons, tends to confusion. For purpose of illustration, we refer to *Johnson* v. *Bullard,* 12 A. L. R., 766, and notes under *Saunders System* v. *Adams,* 61 A. L. R., 1336.

While the contractual obligation of the bailor is limited to the bailee and those in privity with him, the law imposes an attendant obligation upon the bailor not to knowingly put forth an instrumentality for general use that is calculated to injure third persons. Whether liability for an omission of duty in such situations would extend to persons not contemplated by the contract of

bailment depends upon the existence of privity, only in the sense of a relation creating an obligation (*Garland* v. *Boston R. Co.*, 46 L. R. A. (N. S.) 338, Note), as between the injured person and the bailor whose omission of duty caused the injury. *Roddy* v. *Missouri Pacific R. Co.*, 12 L. R. A., 476.

The obligation to avoid injury from the use of dangerous instrumentalities is imposed on all who own, control or use them and inures to the benefit of all who may sustain injury. While automobiles and motor trucks are not *per se* dangerous instrumentalities, they may become so when used at places and in a manner calculated to do injury. Hence the rule that one who lets an automobile or motor truck for use in public owes the duty of exercising ordinary care to avoid putting forth a machine with defects calculated to injure persons who come in contact with it.

As stated, this duty does not rest upon the contract of bailment but arises from the obligation which the law imposes upon every man to refrain from acts of omission or commission which he may reasonably expect would result in injury to third persons.

It would be little, if any, short of criminal conduct to operate an automobile or auto-truck, without proper devices to control its movements, hence the rule that if the bailor knows or by reasonable diligence could know of defects in devices intended to control them, an obligation rests upon him not to let the machine without correcting the defect, or without notifying the bailee and contracting with him to make the machine safe before using it in public. Whether under the contract of bailment this was done, or whether the contract restricted the use of the truck at all does not appear, and so the

question of the bailor's obligation in that situation is not before us.

■ Admitting, as the demurrers do, the truth of the statements contained in the declarations, they state a cause of action. The case of *McGregor* v. *Gill,* 114 Tenn., 521, involved the duty of the bailor to the bailee.

Our conclusions herein rest upon principles discussed in *Saunders System* v. *Adams,* 61 A. L. R., 1333, Ann.; *Collett* v. *Page,* 18 A. L. R., 74; *Johnson* v. *Bullard Co.,* 12 A. L. R. Ann., p. 774; *Robedeaux* v. *Hebert,* 12 L. R. A. (N. S.), Note, p. 632; *Gagnor* v. *Dunn,* 41 A. L. R., 389. See also 42 Corpus Juris, p. 1025, sec. 763, 6 Corpus Juris, 1010-1017.

It follows that the judgment of the trial court will be reversed and the cause remanded for trial upon the facts.