D. R. JOHNSON, Appellant, v. H. K. TRAMELL, et al., Appellee.

Eastern Section.   December 17, 1932.

Writ   denied   by   Supreme   Court,   March   18,   1933.

J. N. Russell, of La Follette, for appellant.
E. H. Powers and H. K. Tramell, both of Jacksboro, for appellee.

CASSELL, Sp. J. This cause originated in the Chancery Court of Campbell county, was brought by D. R. Johnson against H. K. Tramell and Eli Gaylor, sheriff of Campbell county, and alleged that the complainant was the true and legal owner and in possession of a certain tract of land in the 4th civil district of Campbell county and seeks to enjoin the sheriff of Campbell county from executing a writ of possession issued out of the Chancery Court of Campbell county directing the sheriff to dispossess the complainant, D. R. Johnson, of the tract of land described in said bill. It is further claimed that the land described in the writ of possession was not embraced in the suit wherein said writ was issued and that said writ of possession was, for this reason, illegally issued and void. An injunction was prayed and issued enjoining the sheriff from executing the writ of possession. To this bill an answer was filed denying that complainant was the owner of the land or entitled to possession of the same as described in the bill and admitting that Gaylor, the sheriff, was about to execute a certain writ of possession awarded in a judgment rendered by the Court of Civil Appeals at Knoxville, Tennessee, in favor of the defendant H. K. Tramell et al. and that the sheriff was about to put the defendant in possession of the land when this suit was brought. It was denied that the allegations of the bill as to certain litigations were correctly stated and that the defendant also claimed ownership of the land in question.

There are a number of other things set out in the answer which we do not deem it necessary to recite here because, as we view the case, the question involved is to be decided on the right of the lower court to permit an amendment which the defendant requested on the trial of the case in the lower court, and also to ascertain the effect of that amendment. The amendment is as follows: ''Further answering say, that the defendants, D. R. Johnson, et al. are now estopped to deny that the tract or tracts of land involved in this cause is not the same property involved in cause No. 4271A, in which cause final decree was entered in favor of these defendants, and in which former cause the complainant in this cause, D. R. Johnson, in his deposition filed in said cause, testified that the property therein embraced and included the house where said D. R. Johnson now lives and is part of the A. O. Johnson land.''

The complainant below, appellant here, objected to the action of the Chancellor in permitting the amendment to be made at the time and in the manner made and exceptions are taken which are found in the record, p. 96. These exceptions were overruled by the Chancellor but his action does not appear in the record of the cause. The lower court sustained the contention of the defendants as set up in the amendment and dismissed the complainant's bill to which action the complainant excepts and has applied to this court and now assigns errors.

The writ of possession enjoined by the filing of the original bill in this cause directed the sheriff of the county to place the appellees H. K. Tramell and Willie B. Johnson, executor of J. E. Johnson, deceased, in peaceful possession of the following tract of land situated in the 4th civil district of Campbell county, Tennessee. ''Beginning on a gush at or near the 500 acre survey line on a steep hillside near the orchard; running thence northwest to a black oak on top of the hill, thence northwest to William Oaks line, thence with said line to a corner on a big bluff, thence with that line to James Campbell's line; thence with his line to the beginning.'' Original Bill—transcript p. 2 and 3.

The bill also sought an injunction against the execution of the alias writ of possession issued by the Court of Civil Appeals at Knoxville in cause No. 4471-4472 which writ directs that the appellees in the cause be placed in peaceful possession of certain lands described as follows:

''Known as the A. O. Johnson land on the water of Hickory Creek in the Fourth Civil District of Campbell County, Tennessee, and bounded on the north by the Branham land; south by Murray Campbell land; on the east by Stephen Ayers land; west by Campbell land and being the same premises leased to Mit Johnston by the defendants in error November, 1912. . . .'' (Alias Writ—Transcript, p. 20).

It should be noted that in the original bill in the cause No. 4471A is also referred to as cause No. 4472 which bill joined all the heirs and claimants under A. O. Johnson, deceased, and which bill was sworn to by the appellant D. R. Johnson. The two tracts above described form one common boundary known as the A. O. Johnson lands.

The following evidence taken from the deposition D. R. Johnson in the former cause appears in the record as follows:

''Q. Who are the present owners of this land—these two tracts? A. Well, it belongs to the heirs. I have bought out four of the heirs; I own five shares of the heirs and Rebecca Johnson.'' (Transcript, Vol. 2, p. 23).

We note that in this case the appellant is claiming title to about 20 acres alleging that the former suits did not adjudicate rights of possession or title to said 20 acres but in looking to the evidence of D. R. Johnson, complainant therein, we find the following testimony:

''Q. Now, I will read you the second tract—that is the tract that you claim in this bill, isn't it? A. Yes; that's the second tract all right. But I didn't lop off that tract of land; there was never any question that I remember of asked about that tract that boundary. I just gave Carlock that boundary when I filed the bill I read that other paper over to him.'' (Transcript, Vol. 1, p. 68).

Later on in his deposition D. R. Johnson admits that the land sued for in the bill of this cause is a part of the land sued for in cause No. 4471A. Upon reading the records in the litigation we are driven to the conclusion that the lands involved are the A. O. Johnson lands where the appellant now lives and where he has lived during the time that the litigation has been going on, at least, during a large part of the time.

Looking now to the assignments of error we note that the first three assignments are as follows:

"1. Because the cause had been at issue since May the 25th, 1925.

"2. That said amendment was not timely offered.

"3. There was no reason shown by the defendants at the time they offered said amendment, at the suggestion of the Court, for the amendment not having been offered before proof was taken, and no reason was shown why said amendment was not offered as soon as the proof was taken and filed."

The first three assignments of error and, it may be said the fourth, goes entirely to the right of the Chancellor in allowing the defendant, after proof had been taken and while the case was being tried, to amend the answer by pleading and estoppel. The new (1932) Code of Tennessee, section 10416, reads as follows:

"Amendments at any stage.

"The court may, at any stage of the cause, even after argument, if it be thought necessary to justice, permit amendments of the bill, upon such terms as may appear reasonable."

Section 4587 of Shannon's 1917 Code which was the law in effect at that time reads as follows:

"The Court may allow material amendments at any stage of the proceedings, upon such terms, and subject to such rules, as it may prescribe."

This section of the Code has been construed by the Tennessee Supreme Court in the case of Patton v. Dixon, 105 Tenn., 103, 58 S. W., 299, where it is declared that "The statute and practice are very liberal in permitting amendments so as to reach the merits of each case. Shannon, sections 4587, 6145; Hogan v. McFarland, 6 Bax., 104; Gibson's Suits in Chancery, sec. 427; 1 Ency. Pleading and Practice, p. 578."

Upon the examination of the original bill in this cause, we find that the oath to the answer is waived, and therefore the court will be more lenient under our holdings in allowing amendments. Mr. Gibson is his most excellent work on Chancery practice states upon this point:

"Unsworn answers are allowed to be amended with somewhat more liberality than where the defendant is required to answer on oath: nevertheless, the same rules apply. An unsworn answer is as much

the solemn averment of record of the defendant as if sworn to." (Gibson's Suits in Chancery, sec. 436.)

The usual test in matters of amendment is, would the granting of the amendment work harm to the complainant in that any new fact be injected in the record which he would not have an opportunity to rebut with proof. Of course, in such cases the Court should be very careful in allowing amendments to answers and especially should time be given to the complainant to take proof, if he so demands; for this reason if the amendment is allowed the case should be continued. However, in this instant case the amendment offered merely raised a question of law and the facts necessarily involved were already in evidence in the form of a judicial record; so it is that no harm was done to the complainant by allowing this amendment as far as requiring any additional proof was concerned.

It is also stated in Suits in Chancery that "If, however, the Court is satisfied that the . . . proposed amendment is meritorious, that there is no bad faith in the matter . . . the amendment will ordinarily be allowed, on such costs as are equitable." (Gibson, op. cit. sec. 434.)

It does not appear that any costs were taxed against the defendants in this cause, but as no costs were incurred by permitting the amendment we can see no abuse of the Chancellor's discretion in this case. The courts are very liberal in matters of amendments seeking always to do justice in the case and to reach the merits of the controversy and we think under our holdings in Tennessee that there was no error whatever in permitting this amendment.

It appears from reading the record in this cause, that the Chancellor in allowing the amendment really ended the litigation over this land which has been going on for years, in fact, since 1920. Objection is made by the appellants to the action of the Chancellor in asking the appellees if they had pled equitable estoppel. This objection was based upon the ground that the effect of the question was in reality a suggestion to the appellants concerning the course of action they should follow. We think that it was proper for the Chancellor to inquire of counsel as to the issues made in the case and we see no error whatsoever in his asking such a question; further it may be said that it is the usual practice of our courts, both those of appellate and original jurisdiction, to ask questions of counsel ascertaining the issues as well as the facts in the case. We see no objection in the Chancellor's conduct in this respect nor any abuse of his discretion and for reasons above given, these assignments of error are overruled.

We now consider the remaining assignments of error which in a way raise the question, even conceding the amendments to the answer of judicial estoppel as being properly presented, whether such de-

fense is available and proper in the case at bar. If the title and possession of the land involved in this litigation was settled in the former cause No. 4471A or 4472 then there should be an end to this litigation at sometime and while counsel for the appellant stated that the amendment is defective and irrelevant, yet we think it is sufficiently pertinent, accurate and descriptive, to accomplish its purpose. In fact, we think that it sufficiently raises the question of the land being the same which was involved in these various litigations. This amendment which appears in the record is as follows:

"Order Amending Answer and Amended Answer, Filed Nov. 18, 1930, as follows:

"Mit Johnson, et al.

v.          No. 4930

"H. K. Tramell, et al.

"In this cause comes the defendant, H. K. Tramell, et al., and beg leave of the court to amend their answer heretofore filed in cause as follows:

"Also these defendants, Tramell, et al., further answering, say that the defendants, D. R. Johnson, et al., are estopped to deny that the tract or tracts of land involved in this cause is not the same property involved in cause No. 4272, sometimes called No. 4271A, in which cause final decree was entered in favor of these defendants, and in which former cause the complainant in this cause, D. R. Johnson, in his deposition filed in said cause said D. R. Johnson testified that the property involved therein embraced and included the house and improvements where said D. R. Johnson now lives and is a part of the A. O. Johnson lands.

"H. K. Tramell, Executor of estate of H. K. Tramell, deceased."

(Transcript, p. 95.)

We have already seen that this is the same property involved in cause No. 4471A and 4472 in which cause a final decree was entered in favor of the defendant, appellees here, and from the testimony of D. R. Johnson in said cause it is ascertained that the property involved therein embraced and included the house and improvements where the said D. R. Johnson now lives and is a part of the A. O. Johnson land. This being true we think that the doctrine of judicial estoppel was properly invoked in this cause, that the Chancellor did not err in so holding, that this plea of former adjudication was sustained by the record relied upon and put in evidence in this cause, that this was sufficient to carry the burden of proof sustaining said plea, and that no further evidence on this point was required. Moore v. Chattanooga Electric Ry. Co., 119 Tenn., 710, 109 S. W., 497; Ridley v. Buchanan, 32 Tenn., 559; Williams v. Hollingsworth, 73 Tenn., 360; Packet Co. v. Sickles, 72 U. S., 592.

The substance of the testimony of D. R. Johnson is to the effect that he has no cause of action against the defendant. In such a case it was the duty of the lower court to dispose of the plea set up in the amendment upon its merits and the Chancellor was correct in so doing.

The transcript of the record filed is a full and complete record of the case and we think was properly filed herein and we see no error in the decision of the Chancellor in sustaining the pleas and dismissing the bill of complainants. The action of the lower court is affirmed with costs.

Portrum and Thompson, JJ., concur.