STATE *ex rel.* CHANABERRY *et al. v.* STOOKSBURY *et al.*

(*Knoxville*, September Term, 1940.)

Opinion filed December 18, 1940.

WILLIAM C. BURTON, of Knoxville, for plaintiffs in error.

JOEL H. ANDERSON, of Knoxville, for defendants in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This petition for *mandamus* was dismissed on demurrer by the trial judge. Petitioners are certain justices of the peace and officers serving process in their courts, who seek to compel the attorney-general and criminal court

judge for Knox County to approve for payment costs and fees earned and taxed by petitioners in various and sundry cases in which the defendants were found guilty under the small offense law and sent to the county work-house, where they worked out their fines and costs.

■■ Petitioners must carry the burden in respect to both the right they assert to collect costs from the State and the remedy of *mandamus* which they have selected; also they must overcome the presumption in this Court in favor of the judgment of the trial court on a point peculiarly within that court's discretion. As said in *Harris* v. *State ex rel.*, 96 Tenn., 496, 34 S. W., 1017, the granting of a writ of *mandamus,* even where the right thereto is clear, lies in the sound discretion of the court. And exercise of this discretion will not be controlled by *mandamus*. *Whitesides* v. *Stuart,* 91 Tenn., 710, 20 S. W., 245; *Peerless Construction Co.* v. *Bass,* 158 Tenn., 518, 14 S. W. (2d), 732, and other cases cited in Williams' Code, Volume 6, page 577.

■ The right here asserted to collect costs from the State is not a common-law right, but dependent wholly on statute, and "in all cases the strictest rule prevails in construing the liability of the State therefor. *State* v. *Odom,* 93 Tenn., 446, 25 S. W., 105." The grant of specific authority must be shown for the assertion of a claim against the State for costs. All of this is strongly stressed by WILKES, J., in *Henley* v. *State,* 98 Tenn., 665, 41 S. W., 352, 357, 1104, 39 L. R. A., 126.

The basis of this petition for *mandamus* is the alleged failure, or refusal, of the defendants to comply with Code, section 12229, providing for the examination and approval of justices' cost bills as a condition precedent to their payment by the State and County. This section reads:

"Justice's cost bills examined; when disallowed.—It shall be the duty of the judge and district attorney to carefully examine and inspect all bills of cost certified for payment by justices of the peace in which the state or county has been charged with the costs of criminal prosecution; and if it shall appear to the judge and district attorney, in any manner, that the prosecution in which the state or county has been taxed with the cost by the justice of the peace is frivolous, malicious, or commenced to procure fees, it shall be the duty of the judge and district attorney to disapprove and disallow said bill of cost, and no part of said cost shall be paid by the state or county in such case."

It is followed by Section 12230, reading as follows:

"Certificate not conclusive; judge and district attorney may inquire.—The certificate of the justice of the peace trying a cause, that the prosecution is not frivolous, malicious, or set on foot to procure fees, shall not be conclusive on the judge or district attorney, but they may, and it is hereby made their duty to, inquire, and, if it shall appear to them that the prosecution is frivolous, malicious, or commenced to procure fees, to disapprove said bills of cost as provided in the last section."

These two Code sections are exact reproductions of Sections 1 and 2 of Chapter 139 of the Act of 1889.

It is a matter of legislative history that this act was passed in an effort to stem the rising tide of costs and fees of minor public officials, heavily burdening the State treasury, being followed a few years later by the enactment of what has been popularly known as the "Jarvis law," the validity of which was upheld in *Henley* v. *State, supra.* The Act of 1889 was reviewed by this Court in *Musgrove* v. *Hamilton County,* 111 Tenn., 1; 77 S. W., 779, 782, in which a bill had been filed by justices of the

peace and other officers seeking to recover from the County of Hamilton certain fees and costs which had been disapproved and disallowed by the circuit judge and attorney-general under the provisions of this act. It was therein held that the action of the circuit judge and district attorney-general was "prima facie, if not conclusive, evidence that the prosecutions were malicious, frivolous, and made for the purpose of securing fees, or that they are, for some other reason, not properly taxable against the county."

The demurrer filed herein by the defendants went upon the grounds, (1) that it appeared from the face of the petition that the cost bills in question had been disapproved by the judge and attorney-general in the exercise of their discretion, and that their action in this regard was conclusive, in the absence of specific allegations of fact to the effect that they had acted maliciously, or in fraud of the rights of the petitioners; it being insisted that the broad and general allegation that the defendants had acted arbitrarily, wilfully, and unlawfully was a mere conclusion of the pleader and was not supported by any detailed statement of facts; and (2) that the bills of cost were not accompanied by certificates that the prosecutions were not frivolous, malicious, or for the purpose of procuring fees; (3) that it was not shown that the various defendants were insolvent, or that executions had been returned against them *nulla bona*; and (4) that the county was an interested party and had not been made a defendant.

■ ■ We do not understand that counsel for petitioners here seriously question the proposition that the discretion, so broadly vested in the judge and attorney-general under this statute, cannot be controlled by *mandamus*, although counsel do suggest, rather than argue,

that these duties are ministerial and not judicial, and in that view are not within this rule. We think there is no doubt that it is a judicial discretion that is vested by the act in the judge and attorney-general. But counsel's main contention appears to be that these officials may be required by *mandamus* to perform the duty of examination and inspection rested upon them by this statute, and the controversy in this case narrows to whether or not petitioners here so framed their petition as to so limit and confine it. While the circuit judge did not state his reasons for the record, we assume that he found that, upon a proper construction of the petition as a whole, it sought to require these officials, the judge and attorney-general, to allow and approve for payment the bills of cost involved. It was charged in the petition that the defendants had "unlawfully refused to allow and approve for payment bills of costs due relators as hereinafter shown." Again, in another paragraph of the petition, after setting out the facts more fully, it was charged that "under such circumstances, it is the duty of the defendants to approve said bills of cost for their payment." Counsel for petitioners now argue that their petition did not seek to require the approval of these officers, but that the petition might fairly be construed as an effort only to require these officials to "audit" the bills of cost. It may be conceded that the statute does require that these officials "audit" the bills of cost, although that is not the language of the statute, and thus perform the duty which the statute puts upon them, but we are unable to agree that the trial judge was in error in refusing to put this construction upon the language and prayer of the petition. While it is charged that the defendants "unlawfully refused to audit, allow and approve" these bills of cost, we think it obvious that

the purpose and intent of the petition as a whole was to go beyond the mere matter of auditing these bills of cost and require these officials to allow and approve the same. Now, as already said, this cannot be done and *mandamus* will not lie for this purpose, and in this view there was no error in the action of the trial judge in sustaining this ground of the demurrer.

In this connection, the record shows that on June 20th, after the argument of the case before the trial judge, which took place on June 8th, and after the decision of the case on June 19th, petitioners presented a proposed amendment in which it was sought to so frame the charge in the petition as clearly to rest the application for *mandamus* upon the claim that the defendants had failed and refused to perform their duty under the statute of examining, or auditing, the bills of cost. This amendment was refused by the trial judge upon the ground that it came too late, being long after petitioners had received notice of the defect sought to be cured by the amendment by the filing of the demurrer of the defendants to the petition, and after the argument of the case and the court had rendered its decision. Error is assigned to this action of the trial judge, but we are of opinion that he acted within his discretion in refusing to permit the amendment at this late date. He was well within the general rule. It is said in Gibson's Suits in Chancery, section 428, that "the application to amend should be made before the court acts upon the particular pleading sought to be amended. A party should not be allowed to experiment with his pleading by waiting to see what the court may think of it, after his attention has been called to its defects," etc. Moreover, of course the general rule is that in matters of amendment the trial judge has a large discretion.

It may be remarked in this connection that the strenuous effort made by counsel to procure the allowance of this amendment is suggestive of their apprehension that the position taken by the trial judge was correct in his construction of the petition as originally presented.

A second ground of demurrer, as has been said, raised the question that the petition failed to show that the bills of cost had been accompanied by a certificate or certificates to the effect that the cases in which the costs had been taxed were not frivolous, malicious, or commenced to procure fees. Perhaps it is not necessary to pass upon this question of whether or not certificates to this effect must accompany the bills of cost when presented to the judge and attorney-general, as the sustaining of the first ground of demurrer calls for an affirmance. However, it is plausibly argued that an affirmative showing should be made by certificate to this effect, since this is the matter which the statute particularly requires that the judge and attorney-general examine into and be satisfied with respect to. It will be observed that in the second section of the original act (Code, section 12230) special reference is made to ''the certificate of the justice of the peace trying a cause, that the prosecution is not frivolous, malicious, or set on foot to procure fees,'' with the provision that such certificate ''shall not be conclusive on the judge or district attorney.'' This seems to imply that such a certificate shall accompany the bills of cost when presented to these officers. And this view is further strengthened by language found in the opinion in the *Musgrove Case, supra,* where, in speaking of the regularity of the proceedings, it is said: ''Next, has the bill of costs been presented to the judge and attorney-general, accompanied with the certificate of the justice of the peace who tried the case that the prosecution was

not frivolously, maliciously, set on foot, to procure fees."
It seems evident that the writer of this opinion had the
view that it was the duty of the justices of the peace to
send up with the bills of costs certificates to this effect.

However, being of opinion that there was no error in
the action of the trial judge in dismissing the petition
on the ground that, properly construed, it sought by
*mandamus* to require the defendants not only to act, but
to act favorably upon these bills of cost, we find it un-
necessary to pass on other grounds of the demurrer, but
rest our decision of affirmance upon the ground stated.