# ERVIN M. BUCK v. REBA WEST et al.—434 S.W.(2d) 616.

Eastern Section. March 1, 1968.

Certiorari Denied by Supreme Court July 1, 1968.

M. F. McDavid, Harriman, J. Carson Ridenour, Clinton, for plaintiff-in-error, Ervin M. Buck.

Warren R. Webster & Ronald A. Webster, Knoxville, for defendants-in-error, Reba West, and others.

COOPER, J. These are companion suits filed in the Circuit Court of Anderson County to recover damages sustained by the several plaintiffs when the automobile driven by Wilma West was in "head-on" collision with an automobile owned by the defendant Ervin M. Buck and driven by the defendant Sherrill Eugene Buck.

Wilma West brought suit to recover for personal injuries. Her husband, Clyde West, sued to recover the expenses incurred in providing medical treatment for his wife, the value of his wife's services in the home during her period of convalescence, and to recover the damage to his automobile.

Reba West and Ethel Campbell, both passengers in the West automobile at the time of the collision, brought suit to recover damages for personal injuries. The fifth suit was brought by Tommy Sloan, a passenger in the Buck automobile, to recover damages for personal injuries.

On trial, the jury returned verdicts in favor of the five plaintiffs and against both defendants—Wilma West being awarded $250.00, Clyde West $1250.00, Reba West

$5,000.00, Ethel Campbell $500.00, and Tommy Sloan $1,000.00.

Ervin M. Buck has appealed, directing his assignment of errors to the trial court's refusal to direct a verdict in his behalf, the allowance of an amendment to the several declarations during trial, the scope of cross-examination allowed by the trial court, and the court's charge to the jury.

No appeal was taken by the defendant, Sherrill Eugene Buck.

Defendant Ervin Buck insists in his first assignment of error that the trial court erred in permitting the several plaintiffs to amend their declaration during the course of the trial, and in overruling the defendant's subsequent motion for a continuance.

As stated out in Daniels v. Talent, 212 Tenn. 447, 462, 370 S.W.2d 515, 522:

■ "Trial judges have a broad discretion in matters of amendment. State ex rel. Chanaberry v. Stookesbury, [Stooksbury], 176 Tenn. 687, 145 S.W.2d 775. The matter of allowing amendments under our statutes is within the discretion of the Court and these amendments may be allowed at any stage in the proceedings before a case is finally submitted to the jury or at any time before judgment. Hunt v. Foley, 9 Tenn.App. 96." See also Womble v. Walker, 216 Tenn. 27, 390 S.W.2d 208, 211, and T.C.A. sec. 20-1505.

■ The exercise of discretion by a trial judge in matters of amendment "has been seldom adversely reviewed on appeals; and it will be presumed that allowing or refusing an amendment was done in the exercise of legal discretion, in the absence of a showing to the contrary."

In our judgment, the record in this case does not show an abuse of discretion upon the part of the trial court in allowing the amendment. The amendment did not inject any new facts or new theories into the suit, but merely pointed out with particularity that the plaintiffs were relying on the presumption of agency that arose from proof of ownership of the automobile involved in the accident. Cf. Funk v. Welden, 40 Tenn.App. 425, 292 S.W.2d 207; Johnson v. Tramell, 15 Tenn.App. 607.

The defendant Buck, in two assignments of error, insists that there is no evidence to support the jury's verdict against him, and that the trial court erred in failing to direct a verdict in his behalf. The sole predicate for liability of Ervin Buck to the several plaintiffs was the statutory presumption of agency that arises from proof of ownership and registration of the automobile involved in the accident. T.C.A. sec. 59-1037 provides that: "In all actions for injury to persons and/or to property caused by the negligent operation or use of any automobile * * * within this state, proof of ownership of such vehicle shall be prima facie evidence that said vehicle at the time of the cause of action sued on was being operated and used with the authority, consent and knowledge of the owner in the very transaction out of which said injury or cause of action arose, and such proof of ownership likewise shall be prima facie evidence that said vehicle was then and there being operated by the owner, or by the owner's servant, for the owner's use and benefit and within the course and scope of his employment." See also T.C.A. sec. 59-1038.

The presumption, or prima facie case, of respondeat superior created by proof of ownership of the automobile involved in the accident is displaced, as a matter

of law, by material evidence to the contrary of the presumed fact (i. e., operation of the automobile in the owner's service), where such evidence is uncontradicted and comes from witnesses whose credibility is not in issue. McConnell v. Jones, 33 Tenn.App. 14, 228 S.W.2d 117; McParland v. Pruitt, 39 Tenn.App. 399, 284 S.W.2d 299; Sadler v. Draper, 46 Tenn.App. 1, 326 S.W.2d 148. However, if the witness offering the evidence in rebuttal of the presumption is contradicted on any material point, or is impeached or discredited in any mode recognized by law, the trial court may not hold as a matter of law that the statutory presumption has disappeared and direct a verdict, but must permit the jury to decide if the witnesses testimony overcomes the presumption. Haggard v. Jim Clayton Motors, Inc., 216 Tenn. 625, 393 S.W.2d 292, and numerous cases these cited. The court in Welch v. Young, 11 Tenn.App. 431 explained:

"* * * [O]rdinarily the testimony of a witness who is not contradicted, impeached, or discredited must be accepted as true, but that if the witness relied upon to establish a given fact be impeached (by evidence directed against his general character for veracity) or discredited in any of the modes recognized by law, that fact may not be treated as established as a matter of law or for purposes of a motion for peremptory instructions. 11 Tenn. App. at 440.

"If, in this process of sifting the testimony and the witnesses, the jury found that Brawner had testified falsely about material facts as to which he was contradicted by other witnesses, it was within the province of the jury to reject testimony of Brawner which was not directly contradicted by the testimony of other witnesses.

This is merely an application of the ancient maxim, falsus in uno falsus in omnibus." 11 Tenn.App. at 441.

In this cause, both Ervin Buck and Sherrill Buck testified that Sherrill had taken the Buck automobile without permission and was on a "joy-ride" of his own when the accident occurred. This testimony, of course, negates the hypothesis that Sherrill was the agent of his brother, Ervin, and would be sufficient to displace the statutory presumption of agency, except for the fact that the credibility of the Bucks became a material issue in the cause.

The collision between the Buck automobile and the West automobile occurred in a double curve near the Slusher Apartments on U. S. Highway 61-62 between Oak Ridge, Tennessee and Oliver Springs, Tennessee. Mrs. West was traveling in a southerly direction toward Oak Ridge. Sherrill Buck was going toward Oliver Springs. While in the curve, the Sherrill automobile skidded to the left and collided "headon" with the West automobile.

Sherrill Buck testified that his loss of control of his automobile was due to the rough pavement, coupled with the wet highway, and categorically denied excessive speed and denied passing an automobile within the curve. According to Sherrill Buck, he was driving at a speed of between 30 to 35 miles per hour, well within the 45 mile speed limit posted, and the skid marks left by his automobile were only 20 to 25 feet. Sherrill also testified in support of his charge that Mrs. West was guilty of proximate contributory negligence that the West automobile was across the center line of the highway both before and after the impact between the two automobiles.

Ervin Buck corroborated his brother's testimony, stating that he went to the scene of the accident before the automobiles were moved and found the West automobile across the center of the highway, and that the skid marks of the Buck automobile were only 30 to 35 feet.

The testimony of the two defendants was in direct conflict with the testimony of numerous disinterested witnesses, who either saw the accident or examined the scene after the accident occurred and before the automobiles were moved. The consensus of testimony of these witnesses was that Sherrill Buck, while driving at a speed of about 60 miles per hour, passed a vehicle in the curve where the accident occurred; that oncoming traffic forced Sherrill Buck to cut sharply and return to his side of the highway and that, in doing so, Sherrill lost control of his automobile and it skidded across the center line of the highway into the path of the West automobile. These witnesses placed the West automobile completely on its side of the highway, both before and after the impact. They also testified that the Buck automobile left 184 feet of skid marks on the highway.

We then had a situation where the witnesses who testified on the issue of agency were directly contradicted on matters which had a direct bearing on the question of liability—a very material issue in a contested action. As heretofore noted, if the jury concluded that the defendants had testified falsely on these issues, it was within the jury's province to reject testimony of defendants which was not directly contradicted by the testimony of other witnesses. Welch v. Young, 11 Tenn.App. 431, 441. This being so, the trial court was required to permit the jury to decide if the defendants' testimony on the issue of agency overcame the statutory presumption.

■ In a separate assignment of error, the defendant Buck insists that the trial court, having refused to submit the cause to the jury on the common law count of the declaration, erred in submitting the statutory count to the jury. Defendant contends that the "statutory allegations cannot stand alone with the common law allegations taken out." We see no basis for this contention. The statutory count of the declaration states a cause of action against the defendant Ervin Buck and is complete in itself.

■ Defendant also takes issue with the scope of the cross-examination of the defendant Sherrill Buck, insisting that much of it related to immaterial matters and "was patently prejudicial to plaintiff in error and misled the jury." If it were to be conceded that the cross-examination did touch on immaterial matters, we see no basis in the record to support a determination that it was prejudicial or affected the results of the trial. T.C.A. sec. 27-117.

The final assignment of error is directed to the trial court's charge. It is insisted that the trial court should have instructed the jury specifically that they were not to consider or be influenced by the statutory presumption of agency arising from proof of ownership of the Buck automobile in passing " 'upon the credibility of the witnesses under fire by giving to their testimony the weight they think it is entitled to or rejecting it altogether, just as they see fit and proper.' " Southern Motors Inc. v. Morton, 25 Tenn.App. 204, 154 S.W.2d 801, as quoted in Haggard v. Jim Clayton Motors, Inc., 216 Tenn. 625, 393 S.W. 2d 292. There is no insistence that the charge, as given, was incorrect.

We have often pointed out that when a party is of the opinion that the instructions given by the Court are not explicit enough, or do not cover all phases of the case, he should call the attention of the court to that fact and tender other and fuller instructions; otherwise, he cannot predicate error upon omissions or meagerness in the charge as given. All v. John Gerber Co., 36 Tenn.App. 134, 252 S.W.2d 138; Dorrity v. Mann, 43 Tenn.App. 554, 310 S.W.2d 191; Womac v. Casteel, 200 Tenn. 588, 292 S.W.2d 782.

Judgments affirmed, with costs of the appeal being adjudged against the defendant Ervin Buck and his sureties.