**Byron HOLDER, Plaintiff-Appellee,**

**v.**

**PEGGY ANN WRECKER & REPAIR SERVICE, Defendant-Appellant.**

Court of Appeals of Tennessee, Western Section.

Jan. 2, 1973.

Certiorari Denied by Supreme Court July 2, 1973.

Campbell & Campbell, Chattanooga, for defendant-appellant.

Luther, Anderson & Ruth, Chattanooga, for plaintiff-appellee.

CARNEY, Presiding Judge.

The defendant, Peggy Ann Wrecker & Repair Service, has appealed from a judgment of $1,100.00 rendered against it based on a jury verdict in the Circuit Court of Hamilton County in favor of the plaintiff, Byron Holder. The plaintiff,

Holder, is the owner of a 1969 one-ton Ford van truck which was damaged when the driver, Billy D. Russell, lost control of the truck and the truck went off the east side of U. S. Highway 27 and turned over.

The driver, Billy D. Russell, testified that he was regularly employed by Byron Holder as a driver of the 1969 Ford truck and on the night of January 11, 1970, between the hours of 6:30 and 7:00 P.M. was driving southwardly along U. S. Highway 27 just north of Soddy, Tennessee, located in Hamilton County near Chattanooga; that the highway was slick from rain, sleet and snow. Russell testified he was traveling 30 to 40 miles per hour and suddenly about 25 to 30 feet up in front of him his headlights revealed an automotive wrecker allegedly owned by the defendant blocking the southbound traffic lane while in the process of pulling a Volkswagen from a ditch along the west side of U. S. Highway 27. Mr. Russell testified that there were no lights on the wrecker nor any flares placed along the highway; that he, Russell, applied his brakes, swerved to the left in an effort to miss the wrecker, lost control of the automobile and because of the ice, snow and sleet, the truck went off the left or east side of the highway and turned over.

Mr. Russell testified that several passing motorists stopped to inquire of his welfare but he did not learn their identity. Mr. Russell further testified that he never learned nor asked the name of the driver of the wrecker but that the wrecker had printed on the left front door the name "Peggy Ann Wrecker Service, Rockwood, Tennessee"; that the wrecker was painted red and white; that the wrecker left shortly after the accident but that on one or more occasions after the accident the driver, Russell, went to the town of Rockwood, passed the defendant's place of business which consisted of a restaurant on one side of the highway and a wrecker service on the other and he noticed that all of the wreckers and motor vehicles of the defendant, Peggy Ann Wrecker and Repair Serv-

ice, were painted red and white; that he thought he saw the wrecker involved in the accident parked outside defendant's place of business in Rockwood but he was not sure.

The driver, Russell, was corroborated by the testimony of two police officers of the Hamilton County Police Department, Mr. R. W. Jett and Mr. Claude Petty. These two officers testified that they did not receive a call to investigate the accident to the Volkswagen which was being pulled into the highway by the wrecker but that they received a call relative to the overturned truck being driven by Mr. Russell; that when they reached the scene of the accident, the wrecker was up in the highway with the Volkswagen in tow and was headed back north on Highway 27 which is in the direction of Rockwood. They did not get the name of the driver of the wrecker but they saw a sign on the right door of the wrecker which they said was "Peggy Ann Wrecker Service." Neither of the officers mentioned seeing the address "Rockwood, Tennessee" on the door. One of the officers testified that he radioed back to headquarters and asked if he should investigate the towing of the Volkswagen and was instructed by his superiors not to do so but to investigate only the truck driven by Russell. Accordingly, neither of the officers attempted to interrogate the driver of the wrecker towing the Volkswagen. One of the officers said he thought it was either a Ford or a Chevrolet wrecker.

Mr. Ed Harvey testified that he was co-owner and manager of the Peggy Ann Wrecker and Repair Service located at 703 Gateway Boulevard, Highway 27, in Rockwood, Tennessee; that as the name implied the primary business was in connection with trucks and that the wreckers were used to go out on the road and pull in disabled trucks or take the same to Knoxville or to work a wreck which the truck has been involved in, mostly within a radius of 35 miles; that the only time the company left the county was when the company re-

ceived a call from the Highway Patrol. The company, on January 11, 1970, had no Ford or Chevrolet wreckers but only a White, an Autocar, and an International wrecker. The witness, Harvey, along with two employees, Jerry Reynolds and Paul Renfro, were the drivers of the three wreckers owned by the company at that time. The business stayed open 24 hours per day.

Mr. Harvey said that it was 50 miles from Rockwood to the Soddy area; that he had no recollection of the particular night, January 11, 1970, but a search of his records indicated to him that his wrecker had not made a business trip to Soddy on the night in question; that he had no knowledge of the wrecker being used without his knowledge or permission on such occasion. He introduced charge slips for business done on the night of January 11, 1970, none of which included a trip to Soddy or the Chattanooga area. He did admit that it was not required that either one of the other wrecker drivers communicate with him before making a call with the wrecker but that they usually did call him before going out of town. Mr. Harvey testified that so far as he knew he had never made a wrecker trip to Soddy from Rockwood and that the cost would have been a total of $75.00 which would be somewhat prohibitive for the customer.

Mr. Harvey was corroborated by the testimony of his two employees, namely, Paul Renfro who is still employed by Harvey, and by the other driver, Jerry Reynolds, who was living in Nashville, Tennessee, at the time of the trial and was no longer employed by Peggy Ann Wrecker Service. Both of these employees disclaimed any knowledge of any trip by Peggy Ann Wrecker Service to Soddy, Tennessee, on the night in question.

His Honor the Trial Judge charged the jury on the presumption of ownership as provided in T.C.A. Section 59–1037 which is as follows:

"59–1037. Prima Facie evidence of ownership of automobile and use in owner's business.—In all actions for injury to persons and/or to property caused by the negligent operation or use of any automobile, auto truck, motorcycle, or other motor propelled vehicle within this state, proof of ownership of such vehicle, shall be prima facie evidence that said vehicle at the time of the cause of action sued on was being operated and used with the authority, consent and knowledge of the owner in the very transaction out of which said injury or cause of action arose, and such proof of ownership likewise shall be prima facie evidence that said vehicle was then and there being operated by the owner, or by the owner's servant, for the owner's use and benefit and within the course and scope of his employment. This section is in the nature of remedial legislation, and it is the legislative intent that it be given a liberal construction."

It is the contention of the appellant that under the authority of the cases of Yellow Cab v. York (1967), 58 Tenn.App. 177, 427 S.W.2d 854; Southern Motors, Inc. v. Morton (1941), 25 Tenn.App. 204, 154 S. W.2d 801; Cutshaw v. Randles (1961), 49 Tenn.App. 592, 357 S.W.2d 628; Cleveland Wrecking Company et al. v. Butler (1967), 57 Tenn.App. 570, 421 S.W.2d 380; and other cases of similar holding, His Honor should have directed a verdict for defendant. Appellant contends that the presumption of agency disappeared upon the uncontradicted testimony of the witness, Harvey, and his two employees that no wrecker of Peggy Ann Wrecker Service was at the scene of plaintiff's automobile accident on the night in question.

Further, the defendant insists that even if the wrecker at the scene of the accident was, in fact, that of the Peggy Ann Wrecker Service, there would still be no liability on the defendant if the wrecker had, in fact, been stolen, citing Teague et al. v. Pritchard et al. (1954), 38 Tenn.App. 686, 279 S.W.2d 706.

Further, the defendant insists that if the defendant's wrecker was, in fact, there on the scene and had been the subject of a bailment, then the defendant would not be liable, citing E. T. & W. N. C. v. Brooks (1938), 173 Tenn. 542, 121 S.W.2d 559; Vaughn v. Millington Motor Co. (1929), 160 Tenn. 197, 22 S.W.2d 226; English v. Stevens (1952), 35 Tenn.App. 557, 249 S. W.2d 908.

We find it unnecessary to discuss the above cited cases. There is no proof of bailment and no proof of theft of the wrecker.

■ Suffice it to say, we hold that there was ample evidence from which the jury could reasonably find that the wrecker which was on Highway 27 on the night of January 11, 1970, in the area of Soddy, Tennessee, was owned by the defendant, Peggy Ann Wrecker and Repair Service, from Rockwood, Tennessee. McAmis v. Carlisle, 42 Tenn.App. 195, 300 S.W.2d 59. The jury believed the plaintiff's witnesses and disbelieved defendant's witnesses.

Having rejected defendant's testimony that no wrecker owned by defendant was in Soddy on the night of the accident and having found that defendant was the owner of the wrecker at the scene of the accident, the jury was likewise justified in disbelieving defendant's theory that such wrecker was not being operated by an employee of defendant and within the course and scope of his employment for the owner's use and benefit. The wrecker was being operated to pull a Volkswagen out of the ditch up into the highway and when last seen was pulling the Volkswagen from the Soddy area northward along Highway 27 in the direction of Rockwood. These were the same services regularly performed by the defendant's employees, Harvey, Renfro, and Reynolds, that is, towing disabled automobiles and trucks along the highway back into the defendant's shop at Rockwood for repairs, salvage, etc. See the cases of Buck v. West (1968), 58 Tenn.App. 539, 434 S.W.2d 616;

McMahan v. Tucker (1948), 31 Tenn.App. 429, 216 S.W.2d 356; Smith v. Phillips (1957), 43 Tenn.App. 364, 309 S.W.2d 382; and Fuller v. Tennessee-Carolina Transportation Co. (1970), 63 Tenn.App. 330, 471 S.W.2d 953.

■ When witnesses offered by the defendant in rebuttal of the presumption of agency as provided in T.C.A. Section 59–1037 are contradicted as to material matters, then the credibility of such witnesses is for the jury which will determine whether the evidence of defendant's witnesses overcomes the presumption of agency. In other words, before a Trial Judge may take the question from the jury, the evidence must be such that it can be said, as a matter of law, that there was no agency. See the opinion of Justice White in Haggard v. Jim Clayton Motors, Inc. (1965), 216 Tenn. 625, 393 S.W.2d 292.

Assignments of error I, II, III, IV, and VI are respectfully overruled.

Assignment of error No. V insists that the Court erred in charging the jury repeatedly in such a way as to indicate to the jury that the vehicle at the scene of the accident did belong to the defendant without giving the jury the option of determining the ownership of the wrecker.

We find no merit in this assignment of error. His Honor the Trial Judge gave in charge defendant's special request No. 6 which is as follows:

"I instruct you that there can be no recovery by the plaintiff Holder if (1) the wrecker of Peggy Ann was not at Soddy Lake area on January 11, 1970, (2) or if the wrecker of Peggy Ann was there without the knowledge or consent of Ed Harvey, and (3) nor if the wrecker was not present at the time and place in the course and scope of the business of Peggy Ann."

We think the jury fully understood the questions involved and understood that it was a question of fact whether or not the

wrecker at the scene of the accident belonged to the defendant.

 Assignment of error No. VII insists that His Honor the Trial Judge erred in charging remote contributory negligence because neither the plaintiff nor defendant had pleaded the plaintiff's contributory negligence. The present case was initiated in the General Sessions Court of Hamilton County. In such Court the pleadings are ore tenus and therefore, the record before this Court does not show affirmatively that remote contributory negligence was not pleaded. However, the clear implication of Judge Cooper's opinion in Provence v. Williams (1970), 62 Tenn.App. 371, 462 S. W.2d 885, is that in all cases where contributory negligence is an issue, the Trial Judge should include an instruction on remote contributory negligence. Hence, assignment of error No. VII is overruled.

All of the assignments of error are respectfully overruled, the judgment of the lower Court will be affirmed, and the costs in the Court below and in this Court will be taxed to the appellant.

MATHERNE and NEARN, JJ., concur.