Cumberland Telegraph & Telephone Co. *v.* Poston.

---

CUMBERLAND TELEGRAPH & TELEPHONE CO. *v.* POSTON.

(*Jackson.* April 25, 1895.)

1. DAMAGES. *Evidence of wrongdoer's pecuniary ability admissible, when.*

    When there is any substantial ground or reason for allowing punitive damages, the pecuniary ability of the wrongdoer may be given in evidence. (*Post, pp. 698, 699.*)

    Cases cited and approved : Dush *v.* Fitzhugh, 2 Lea, 307 ; Railroad *v.* Guinan, 11 Lea, 103.

2. CHARGE OF COURT. *Meager and incomplete not reversible.*

    An incomplete and meager charge, if not misleading, affords no cause for reversal when no request for additional instructions was made. (*Post, pp. 699, 700.*)

    Case cited and approved : Maxwell *v.* Hill, 89 Tenn., 585.

3. EVIDENCE. *General exceptions.*

    A general exception that evidence is incompetent and immaterial, without stating grounds, is bad. (*Post, p. 700.*)

    Cases cited and approved : Druggist Cases, 85 Tenn., 449 ; Railroad *v.* Fleming, 14 Lea, 129 ; Powers *v.* McKenzie, 90 Tenn., 167; Railroad *v.* Beeler, 90 Tenn., 548; Graham *v.* McReynolds, 90 Tenn., 689.

4. DAMAGES. *Not excessive.*

    Where the proof is conflicting, a verdict for damages based upon it, and reasonably sustained by it, will not be set aside as excessive. (*Post, p. 700.*)

    Case cited and approved : Memphis Tel. Co. *v.* Hunt, 16 Lea, 456.

---

FROM SHELBY.

---

Appeal from Second Circuit Court of Shelby County. J. S. GALLOWAY, J.

ELDRIDGE WRIGHT and TURLEY & WRIGHT for Telegraph & Telephone Company.

W. K. POSTON for Poston.

WILKES, J.   The defendant company was sued before a Justice of the Peace for damages for cutting and disfiguring the plaintiff's ornamental holly trees upon a residence lot near Memphis.   There was a judgment before the Justice of the Peace for the plaintiffs for $400, and an appeal to the Second Circuit Court, where there was a trial before the Judge and a jury, and a verdict and judgment for the plaintiffs for $300, and the defendant company has appealed, and assigned errors.

The company had been for several years operating a telephone line in front of plaintiffs' premises. Desiring to change the location of the poles and line, the superintendent of the company applied on the premises for permission to trim up the limbs of some holly trees located near the front fence, but was answered by the lady in charge of the house that the property was in the hands of tenants, and that the company could only get permission from the owner, and his address was furnished the superintendent.   The superintendent was accosted in the street or road, near the premises, on the same day, by a gentleman who inquired when the street car line would be completed out to that point.   He further stated that he owned the property on the hill, and was anxious to have the car line extended

as soon as could be done. Thereupon, the superintendent said to him that he was connected with the telephone company, and not with the railroad, and wanted his permission to cut away some limbs from the evergreen trees in the yard, so as to not interfere with his line, and the party said that was all right, or there would be no objection.

It appears that the party thus interviewed was not the owner of the trees or the property in question, but of a contiguous property, very much the same in description and appearance, but having no holly trees in the front yard.

The superintendent of the telephone, supposing that he had the necessary permission from the owner of the premises, cut off the limbs from three of the holly trees, greatly disfiguring them. They are shown to have been planted with much care, some thirty-five years before, and were very shapely, highly ornamental, and much prized evergreens, very difficult to transplant and to keep alive. The owners of the property brought suit for the damage sustained, with the result as stated.

The errors assigned are:

To the admission of any testimony in regard to the pecuniary ability of the defendant company. The plaintiffs in the case were suing for both compensatory and punitive damages. There was a wide difference of estimates under the first head, ranging from nothing to $500 per tree. There was also evidence sufficient, we think, to raise the question

of  gross negligence on the part of the company in not exercising more caution to find and obtain the consent of the true owner of the property that the trees might be cut, and also in the manner in which the cutting was done, and in cutting the trees at all. It satisfactorily appears that the trees were only thirty-five to forty feet high, and, by the use of three poles of fifty feet in length, cutting the trees might have been entirely avoided, and it is shown the company had such poles on its yards in Memphis at the time, and it is not shown why the line might not as well have been located so as not to touch the trees, as had previously been the case.

We think there was sufficient evidence of gross negligence and wantonness to justify the admission of evidence with a view to punitive damages, if the jury should decide it to be a proper case for such damages. The jury, upon this point, was charged that if the cutting was done fraudulently, oppressively, or with gross negligence, they might, in their discretion, give punitive damages.

It is assigned that the Judge's charge was incomplete, meager, and misleading. We do not find it misleading, as far as it goes, and there was no request for an additional charge. In such case this Court will not reverse for meagerness of the charge. *Maxwell* v. *Hill*, 5 Pick., 585, and authorities there cited.

When there is any ground or reason for punitive damages, the pecuniary ability of the wrongdoer may

be given in evidence. *Dush* v. *Fitzhugh*, 2 Lea, 300; Sedgwick on Damages (8th Ed.), Sec. 385; Sutherland on Damages, p. 744, 745; *Railroad* v. *Guinan*, 11 Lea, 103.

But the exceptions to the evidence of pecuniary ability were general, to wit, that the evidence was incompetent and immaterial, but without stating the grounds. *Druggist Cases*, 1 Pick., 449; *Railroad* v. *Fleming*, 14 Lea, 129; 6 Pick., 167, 548, 689.

It is said the damages are excessive. Only three trees were trimmed. There is much difference between the witnesses as to the value of these trees and the damage done by cutting them. The trees are estimated to be worth as high as $500 each. Other witnesses do not attach any value to them. Some witnesses state that the trees are practically ruined. Others state that the damage is slight if anything. It is shown that the rental value of the property has not been diminished, and opinions are expressed that the market value has not been changed. The matter was peculiarly for the jury to determine, and there is ample evidence to support their verdict upon the idea of actual or compensatory damages alone. *Memphis Telephone Co.* v. *Hunt*, 16 Lea, 456.

There is, therefore, no reversible error in the record, and the judgment of the Court below is affirmed with costs.