DR. THOMAS G. DORRITY and MRS. THOMAS G. DORRITY, Plaintiffs in Error, v. ESTES W. MANN, Defendant in Error.— 310 S. W. (2d) 191.

Western Section, at Jackson.  October 4, 1957.

Petition for Certiorari denied by Supreme Court February 6, 1958.

W. Robert Martin, Paul Guenther, of Martin, Guenther & Tucker, Memphis, for plaintiffs in error.

Lowell W. Taylor and W. Frank Crawford, Memphis, for defendant in error.

BEJACH, J.  This cause involves an appeal in error by Dr. and Mrs. Thomas G. Dorrity from a verdict of a jury and judgment thereon against them in the amount of $1,386.43.  The parties will be styled, as in the lower court, plaintiffs and defendants, Dr. and Mrs. Thomas G. Dorrity having been defendants in the lower court, and defendant in error, Estes W. Mann, having been the plaintiff in the lower court.

Plaintiff sued the defendants for a fee for architectural services rendered pursuant to an oral contract alleged to have been entered into by and between the defendants and the plaintiff, represented by his agent and employee, William C. Mann.  The fee claimed by plaintiff, as alleged in his declaration, and for which amount he sued, was $2,805.12, representing 6% of the estimated cost of construction of the proposed residence of defendants for which plaintiff had drawn plans and specifications, said 6% being divided 3.6% for the plans and specifications and 2.4% for services in supervision of the building of said residence, on which amount plaintiff offered to credit the sum of $75 retainer fee paid by defendants, leaving a balance sued for of $2,730.12.  Defendants filed pleas of not guilty; and, leave of court having been first obtained, special pleas, in which they claim that they authorized plaintiff through his employee and representative, Bill Mann, to draw plans for them for a home to cost between $25,000 and $30,000, and in which they deny that they ever authorized the drawing of any plans for or super-

vision of a dwelling to cost $46,752. They say that the first time they saw any completed plans drawn by plaintiff was after he had presented his bill for $2,730.12. Plaintiff filed a replication in which he joined issue on the defendants' pleas.

The case was tried before the court and a jury. At the hearing, the trial judge eliminated plaintiff's claim for 2.4% for supervision services, because the residence for which plans had been drawn had never been constructed, and submitted to the jury the issue of whether or not defendants were liable for the drawing of the plans and specifications, as claimed. The jury's verdict was:

"We, the jury, find in favor for the plaintiff and in the amount of 3.6% of $38,512.00 or sum of $1,386.43. Sam A. Birchfield, Foreman"

On this verdict, the Court entered a judgment in favor of plaintiff and against defendants for $1,386.43. Defendants' motion for a new trial was overruled and defendants prayed, were granted, and have perfected their appeal in the nature of a writ of error to this Court.

In this Court, the defendants, as plaintiffs in error, have filed seven assignments of error, which are as follows:

"I

"There is no evidence to support the verdict of the jury.

"II

"The verdict of the jury is against the weight of the evidence.

## "III

"The verdict of the jury is not sustained by the evidence.

## "IV

"The verdict of the jury is contrary to the law and the evidence, and is not supported by the law and the evidence.

## "V

"The Court erred in overruling defendants' motion for a directed verdict or peremptory instruction in its favor made at the conclusion of the plaintiff's evidence and renewed at the conclusion of all of the evidence in the cause, said motion being upon the following grounds:

"(a) There was no meeting of the minds between the plaintiff and the defendants.

"(b) There was no contract between the plaintiff and the defendants for the set of plans submitted by plaintiff.

"(c) The plaintiff did not perform within the stipulated sum known to him, but completely ignored the express desires of the defendants.

"(d) The plaintiff did not acquaint himself in accordance with the duties imposed upon him because of the recognized fiduciary relationship due to exist between architect and client.

"(e) There was no evidence to show that defendants authorized additions to the architectural plans

involved, which would cost more than the $30,000 limit placed upon the desired construction by defendants.

"(f) Generally.

## "VI

"The Court erred in refusing to allow the testimony of defendants' witnesses, Mr. Edward L. Westbrooke of Jonesboro, Arkansas, and Mr. Raymond C. Wunderlick, of Memphis, Tennessee, to reach the jury.

## "VII

"The Court erred when charging the jury when it failed to instruct said jury on various elements of the law of contracts."

Assignments of error I and V raise the question of whether there was any evidence to support the jury's verdict. Assignments of error II, III, and IV claim that the jury's verdict was contrary to the weight of the evidence. Assignment of error number VI questions the correctness of the trial judge's ruling which excluded certain testimony, and assignment of error number VII complains of the insufficiency or inadequateness of the judge's charge to the jury.

We will first take up and dispose of assignments of error numbers II, III, and IV. These assignments of error are wholly without merit. This Court is without authority to weigh the evidence or decide where the preponderance lies, and must sustain the verdict of the jury if there was any material evidence to support same. As was said by the Supreme Court in D. M. Rose

& Co. v. Snyder, 185 Tenn. 499, 508, 206 S. W. (2d) 897, 901:

"While these issues involve a review of the evidence, such review is not to determine where the truth lies or to find the facts, that not being our province in jury cases. It is only to determine whether there was any substantial evidence to support the verdict; and it must be governed by the rule, safeguarding the constitutional right of trial by jury, which requires us to take the strongest legitimate view of all the evidence to uphold the verdict, to assume the truth of all that tends to support it, to discard all to the contrary, and to allow all reasonable inferences to sustain the verdict. Johnston v. Cincinnati, N. O. & T. P. R. Co., 146 Tenn. 135, 149, 240 S. W. 429; Finchem v. Oman, 18 Tenn. App. 40, 49, 50, 72 S. W. (2d) 564, 570.''

■ This is a necessary conclusion from the well settled rule that, in determining sufficiency of evidence to sustain the verdict, the evidence must be accepted in light most favorable to the party successful below. Fairbanks-Morse & Co. v. Gambill, 142 Tenn. 633, 222 S. W. 5; Smith v. Tate, 143 Tenn. 268, 227 S. W. 1026; Cincinnati, N. O. & T. P. R. Co. v. Denton, 24 Tenn. App. 81, 140 S. W. (2d) 796.

■ We take up next, assignments of error I and V, which assert that there was no evidence to sustain the jury's verdict in this cause and that the trial judge should have granted a directed verdict in favor of the defendants. Disposition of those assignments of error requires an examination of the evidence, but only for the purpose of ascertaining whether or not there is any

material evidence which warranted a submission of the case to the jury. The application of this rule was ably expressed by Felts, J., in the case of Lackey v. Metropolitan Life Ins. Co., 30 Tenn. App. 390, 397-398, 206 S. W. (2d) 806, 810, as follows:

"(1) In view of much of the argument in the briefs, it seems well to recall the rule, so often stated, in numerous cases by which both trial courts and appellate courts must be governed in determining a motion for a directed verdict. That rule is based on the constitutional right of trial by jury; and it has been fashioned so as to preserve that right and at the same time to administer the common law of separation of function by which the jury try the facts and the judge the law. 'There can be no constitutional exercise of the power to direct a verdict in any case in which there is a dispute as to any material evidence, or any legal doubt as to the conclusions to be drawn from the whole evidence, upon the issues to be tried.' Tyrus v. [Kansas City, Ft. S. & M. R. Co.], 114 Tenn. 579, 594, 86 S. W. 1074, 1077; Brenizer v. Nashville C. & St. L. Ry., 156 Tenn. 479, 3 S. W. (2d) 1053, 8 S. W. (2d) 1099; Osborn et al. v. City of Nashville, 182 Tenn. 197, 185 S. W. (2d) 510.

"(2) As said so often, this rule requires trial judges and appellate judges, in considering a motion by defendant for a directed verdict, to look to all the evidence, to take as true the evidence for plaintiff, to discard all countervailing evidence, to take the strongest legitimate view of the evidence for plaintiff, to allow all reasonable inferences from it in his favor; and then if there is any dispute as to any ma-

terial determinative evidence, or any doubt as to the conclusion to be drawn from the whole evidence, the motion must be denied. Wildman Mfg. Co. v. Davenport Hosiery Mills, 147 Tenn. 551, 556, 557, 249 S. W. 984; Walton [sec. Co.] v. Burchel, 121 Tenn. 715, 723, 121 S. W. 391, 130 Am. St. Rep. 788; Life & Acc. Ins. Co. v. Prieto, 169 Tenn. 124, 83 S. W. (2d) 251; Osborn v. City of Nashville, supra [182 Tenn. 197, 185 S. W. (2d) 510]; Tennessee Cent. Ry. Co. v. McCowan, 28 Tenn. App. 225, 188 S. W. (2d) 931; Poole v. First Nat. Bank of Smyrna [29 Tenn. App. 327], 196 S. W. (2d) 563, 567, 568.''

In the instant case, defendants admitted that they authorized plaintiff, through his employee and representative, William C. (Bill) Mann, to prepare plans for them for a residence to cost between $25,000 and $30,000. Both the plaintiff and Bill Mann, who is no longer employed by plaintiff, admitted that the original instructions did make such limitation; but both of them testified that after the preliminary sketch was drawn and presented to defnedants, defendants were told that the cost of the house, based on an estimate of $11 per square foot, would amount to $32,615, and plaintiff testified that he then and there told defendants that $11 per square foot estimate was too low, and that it would cost as much as $13 per square foot which would make the cost of the residence $38,545. Bill Mann testified that defendants authorized him to go ahead on that basis, and that he thereupon "O.K.ed" the preliminary sketch for completion of the plans and specifications. Both plaintiff and Bill Mann testified, also, that while the plans and specifications were being completed and shown to defendants from time to time, they authorized and directed various changes there-

in, which would have added about $6,000 to the cost of construction of the said residence.

The date of the conference at which it is claimed defendants authorized completion of the plans and specifications, notwithstanding the estimated cost in excess of their original limitation, was fixed as March 4, 1955. Plaintiff testified that at this conference there were present, in addition to himself Bill Mann, Lowell Howard, another employee of plaintiff, and both the defendants. Bill Man testified that he thought both Dr. and Mrs. Dorrity were present at that time. Lowell Howard testified that he did not have any conference with either of the defendants until March 10, 1955, and Dr. Dorrity, one of the defendants, testified positively that he was out of the city on March 4, 1955 and could not have been present at the conference.

█ Obviously, this testimony raised an issue of fact for the jury, which the jury might properly have found in favor of the defendants, in which case, under the rules of law stated above, we would be just as firmly bound in favor of defendants' version of the matter, as, on the present record, we are now bound in favor of the plaintiff's version. This applies also to defendants' denial that he approved the sketch at the increased estimate of cost and his denial that he authorized any changes therein.

█ Furthermore, to make the matter absolutely conclusive against the contentions of defendants in the instant case, the following appears in the transcript of the record of this cause, at the conclusion of the argument of defendants' counsel for a directed verdict made at the the end of plaintiff's proof:

"The Court: In view of the testimony of the plaintiff, why I couldn't as a matter of law take the case away from the jury and direct a verdict; so the motion will have to be overruled.

"Mr. Martin: We appreciate your honor's position, and there is no exception to the Court's ruling."

In view of the jury's verdict in this case, the authorities cited in the appellants' brief to the effect that an architect is not entitled to compensation for his services where he has exceeded the cost limit placed by his client, are wholly inapplicable.

Likewise, it makes immaterial the fact that the plaintiff in the instant case did not, as we think he should have done, require the written "O.K." of the defendants, or one of them, on the preliminary sketch pursuant to which the subsequent plans and specifications were drawn.

Assignment of error number VI challenges the ruling of the trial judge which excluded from the jury the testimony of Mr. Edward L. Westbrooke of Jonesboro, Arkansas, and that of Mr. Raymond C. Wunderlich of Memphis, Tennessee, witnesses offered on behalf of defendants. The testimony of these two witnesses, after same had been excluded, was taken in the absence of the jury and is in the record before us. The substance of the testimony of each of these witnesses is that he had had a controversy with the plaintiff, Estes W. Mann, similar to the controversy of defendants with said defendant, such as is involved in the instant case. We think the testimony of these witnesses was immaterial to the controversy being tried in the instant case, and was therefore incompetent. In any event, we think this situ-

ation is covered by the harmless error statute, Sec. 27-116, T. C. A.; and we cannot say that the exclusion of the offered testimony of these two witnesses would have caused the jury to return a verdict different from the one which they did render in favor of plaintiff.

Assignment of error number VII, that, "The Court erred in charging the jury when it failed to instruct said jury on various elements of the law of contracts", complains of the inadequacy of the trial judge's charge. The assignment of error does not specify in what respects the judge's charge was inadequate, but the brief of appellants' counsel does specify, as follows:

"The Court, when charging the jury, failed to give sufficient instruction, which would have acquainted the jury with the various elements of the law of contracts; to wit:

"1. Types of Contracts: — Executory, executed, etc.

"2. What constitutes a contract, with particular reference to agreed sums.

"3. Meeting of the minds in all aspects.

"4. Proving an oral contract as contrasted to proving a written contract."

We think that the charge of the learned trial judge, in the instant case, adequately covered the issues presented; but, even if it be meager and incomplete, it was not misleading and would not, therefore, constitute reversible error. Maxwell v. Hill, 89 Tenn. 584, 15 S. W. 253; Cumberland Tel. & Tel. Co. v. Poston, 94 Tenn. 696,

30 S. W. 1040; Travis v. Bacherig, 7 Tenn. App. 638, Haley v. Ogilvie, 2 Tenn. App. 607.

In any event, the defendants did not, as reflected by the record in the instant case, offer any special instructions to supplement what they considered an inadequate charge, and therefore cannot be heard to complain on appeal. Travis v. Bacherig, 7 Tenn. App. 638; Haley v. Ogilvie, 2 Tenn. App. 607; Womac v. Casteel, 200 Tenn. 588, 292 S. W. (2d) 782.

It follows that all of the assignments of error filed in this Court must be overruled, and the judgment of the lower court affirmed. Judgment will be entered here in favor of the plantiff, Estes W. Mann, and against the defendants, Dr. Thomas G. Dorrity and Mrs. Thomas G. Dorrity, in the amount of $1,386.43, together with interest thereon from January 11, 1957, the date on which the defendants' motion for a new trial was overruled. The costs of the appeal, as well as those of the lower court, will be adjudged against the defendants, and their sureties on the appeal bond.

Avery, P. J. (W. S.), and Carney, J., concur.