# MRS. M. A. (MACEY) PROVENCE v. MARTHA WILLIAMS. —462 S.W.2d 885.

Eastern Section. June 17, 1970.

Certiorari Denied by Supreme Court November 2, 1970.

372

Baker, Worthington, Barnett & Crossley, Knoxville, for appellant.

Frantz, McConnell & Seymour, Knoxville, for appellee.

COOPER, J. Mrs. M. A. (Macey) Provence, brought suit in Circuit Court of Knox County to recover damages for personal injuries sustained when she was struck by an automobile driven by the defendant Martha Williams. On trial, the jury returned a verdict in favor of the defendant. The verdict was approved by the trial judge and judgment was entered dismissing plaintiff's suit. This appeal resulted.

The accident giving rise to the suit occurred at about noon on May 18, 1968, on Middlebrook Pike in Knox County, Tennessee. Middlebrook Pike is a two-lane paved road. At the time of the accident, there was a heavy growth of grass, bushes and vines along the shoulder of the roadway. The roadway was wet, though it was not then raining. The plaintiff was walking eastwardly along the left side of the Pike. Defendant was driving in a westwardly direction. The defendant, on rounding a curve at a speed of thirty to thirty-five miles per hour, was confronted with a "boxer" dog in the roadway. The defendant applied her brakes. Her automobile went into a skid, left the paved part of the roadway and struck the plaintiff who was on the shoulder of the roadway at the edge of the ditch line.

In her declaration the plaintiff charged the accident was proximately caused by negligence of the defendant in driving at an excessive and dangerous rate of speed, in failing to keep her automobile under control, in failing to stop or sound the horn or give any warning, and in leaving the pavement and operating her automobile on the shoulder of the road. Plaintiff also charged that the defendant violated T.C.A. sec. 59-836, which imposes the duty on the driver of a vehicle to exercise due care to avoid colliding with any pedestrian upon any roadway, and T.C.A. sec. 59-858, the reckless driving statute.

The defendant in her answer denied the charges of negligence levelled by the plaintiff, and plead the sudden emergency doctrine. Defendant also charged the plaintiff was guilty of negligence which proximately caused the accident in permitting her "boxer" dog to run at large upon the roadway in violation of T.C.A. sec. 44-1408.

As heretofore noted, the jury resolved the issues in favor of the defendant. The plaintiff does not question the submission of the case to the jury under the evidence, but directs her several assignments of error to instructions given the jury by the trial judge.

In the first assignment, the plaintiff insists the trial judge committed prejudicial error in failing to instruct the charge on remote negligence and its effect.

As a matter of practice, we think all instructions to the jury where contributory negligence is an issue should include an instruction defining remote contributory negligence and telling its effect, but are of the opinion the failure to include such an instruction is not reversible error, where, as in the present case, the omission is not called to the trial judge's attention and no request is submitted setting forth the correct remote negligence charge, and there is no showing the trial judge's charge, as given, was incorrect or was couched in language which would mislead the jury on a material issue. See Thomas v. Harper, 53 Tenn.App. 549, 385 S.W.2d 130, 142; Womac v. Casteel, 200 Tenn. 588, 292 S.W.2d 782, 788; Dorrity v. Mann, 43 Tenn.App. 554, 310 S.W.2d 191, which hold, among other things, that when a party is of the opinion the instructions given by the court do not cover all phases of the case, he should call the attention of the trial judge to that fact and tender other and fuller instructions; otherwise, he cannot predicate error upon omissions in or meagerness of the charge as given. McClard v. Reid, 190 Tenn. 337, 229 S.W.2d 505, 507, which is the most often cited case dealing with remote contributory negligence, is not in conflict with the above cases, but merely holds that where the trial judge undertakes to charge the doctrine, it is prejudicial error for him to fail "to tell the jury that

the remote contributory negligence, if any, must be taken in mitigation of damages'' and to affirmatively charge, in effect ''that remote contributory negligence is not to be considered by the jury.'' Of like import is Bullington v. Whitson, 223 Tenn. 315, 444 S.W.2d 152.

We think this assignment of error must be overruled for the further reason that there is no affirmative showing that the failure to charge on remote contributory negligence affected the results of the trial. T.C.A. sec. 27-117. To the contrary, such a charge is not directed to the primary question—the liability of defendant—but only comes into play after the jury has found a defendant liable and is determining the amount to be awarded as damages. The jury did not reach this point in their deliberations in the instant case.

The plaintiff next insists the trial judge erred in instructing the jury that ''the defendant has the burden of proving the plaintiff was guilty of proximate negligence unless that is shown by plaintiff's own proof.'' Plaintiff insists the effect of the charge is to relieve defendant of the ultimate risk of nonpersuasion on the issue of contributory negligence if the plaintiff's proof includes some evidence of plaintiff's fault. We do not agree that the inference drawn by plaintiff from the quoted charge is the necessary inference when the instruction is considered in context (Stinson v. Daniel, 220 Tenn. 70, 414 S.W.2d 7, 10), and in the absence of a request that the instruction be clarified or explained, we see no prejudicial error in the instruction, as given.

Plaintiff contends the trial judge erred in instructing the jury that they should not consider whether defendant's brakes or tires were defective or inadequate.

On reading the charge we find that the trial judge, in stating the charges of negligence on which plaintiff had predicated her case, went on to say:

"Now there has been some talk about brakes or tires. Now ladies and gentlemen, that has nothing to do with it. There is neither allegation or evidence that there was anything defective about the brakes or the tires on this automobile and, therefore, that has no part. It is these acts of negligence that the plaintiff has complained upon, which they rely upon to make out their case."

There is no specific allegation in the declaration concerning the condition or state of repair of the brakes and/or tires on defendant's automobile nor is there a charge that defendant's automobile was not in a safe condition. On reading the evidence, we find no reference whatever to the tires on defendant's automobile. It was shown in the course of trial that defendant's automobile was a 1962 model and that the brakes were original. The record also shows defendant was asked specifically the condition of her brakes at the time of the accident and stated "they were in good condition." With the evidence in this state, and the condition of defendant's automobile not being an issue under the pleadings, we see no prejudicial error in the trial judge's statement.

■ Assignments four and five are directed to the following instruction given to the jury:

"Let's talk a little bit about the dog. We have a section in our Tennessee Code Annotated which reads as follows:

" 'Section 44-1408. Dogs not allowed at large. Exception: It shall be unlawful for any person to allow a dog belonging to him, or under his control, or that may be

habitually found on premises occupied by him, or immediately under his control, to go upon the premises of another, or upon the highway, or upon a public road or street, provided, however, that this section, Section 1409, shall not apply to a dog on a hunt or chase, or on the way to or from a hunt or chase, or to a dog guarding or driving stock, or on the way for that purpose, or to a dog being moved from one place to another by a person owning or controlling the dog.

" 'The foregoing exemptions shall not apply * * * unless all damages done by dogs therein exempted, to the person or property of another shall be paid, or tendered to the person so damaged, or to his agent, within 30 days after the damage was done.'

\* \* \* \* \* \*

"* * * [O]ur Supreme Court, has defined for us what the term 'go at large' is.

"A dog to be running at large within the meaning of this statute, at large means to be free and unrestrained. A dog is quite generally obedient to its master and is not at large when accompanying or following its master, but under control. Running at large, has been defined, a dog loose and following the person in charge of him through the towns and on streets at such a distance that the person could not exercise that control over the dog which would prevent mischief, is going at large.

"Running at large within the meaning of a statute or ordinance, prohibiting animals from running at large and inflicting penalty on one who suffers animals to be at large denotes animals wandering, roving, or rambling at will.

"Ladies and gentlemen, in this case should you find the manner in which Mrs. Provence controlled Pug, what she permitted him to do, constituted a violation of this statute that I have read about dogs running at large upon the highways, if you find that she is in violation of that statute, then violation of the statute on her part is negligence in and of itself. But it would be, of course, for you to say whether or not such negligence, if you find she was in violation of this statute, was the proximate cause of this accident, or proximately contributed to the cause of this accident."

The plaintiff insists T.C.A. sec. 44-1408 "has no pertinency to this case under the evidence in the record, because the proof shows, without dispute that the dog was with his owner, the plaintiff, and was thus not, as a matter of law, 'at large'," that, consequently, the trial judge erred in permitting the jury to consider T.C.A. sec. 44-1408 as bearing on the defense of contributory negligence. The defendant also insists that if the issue was one for the jury to decide, the trial judge erred in refusing to give the following instruction to the jury, as requested.

"A dog accompanying his master is not running at large. 'The code section relied on and the statutes upon which it is based have never been understood as making an outlaw of a dog accompanying its master along the highways.' (Dalton vs. Dean, 175 Tenn. 620 [136 S.W.2d 721])."

A review of the evidence on the issue shows that a short time before the accident occurred on May 18, 1968, the plaintiff left her home on foot to go about a quarter of a mile west on Middlebrook Pike to pick flowers in the yard of a house that had formerly been her residence.

Her dog followed her on the trip and stayed nearby while she picked the flowers. As plaintiff began her walk home, her dog left her and started diagonally down and across the highway towards a trailer residence, where the dog had been fed in the past. Mrs. Provence testified she made no effort to call to the dog when he started across the highway or thereafter. It was at this moment, or within seconds thereafter, that the defendant rounded the curve immediately east of the accident scene.

With the evidence in this state, we think it was for the jury to say whether the dog was in the company of Mrs. Provence and under her control or whether the dog had left its mistress and Mrs. Provence no longer was in a position to exercise any degree of control over the dog. If the jury found the latter to be the case, in our opinion the jury would be justified in finding the dog to be "at large" within the definition of that term announced by our Supreme Court in Alex v. Armstrong, 215 Tenn. 276, 385 S.W.2d 110, and given by the trial judge in instruction to the jury. Consequently, we see no error in the submission of the issue of whether the plaintiff's dog was "at large" within the meaning of T.C.A. Section 44-1408; and, if so, whether the violation of T.C.A. Section 44-1408 proximately caused or proximately contributed to the accident and plaintiff's resulting injuries.

Neither do we think the trial judge committed error in refusing to give the requested instruction in view of the full and accurate definition of "at large" as that term is applied to T.C.A. sec. 44-1408. The definition included in the instructions to the jury was taken literally from Alex v. Armstrong, 215 Tenn. 276, 385 S.W.2d 110, which is the latest pronouncement of our Supreme

Court on the issue. To deny a special request, the substance of which has been covered in the general charge, is not error. White v. Seier, 37 Tenn.App. 437, 264 S.W. 2d 241; Jones v. Noel, 30 Tenn.App. 184, 204 S.W.2d 336; Graham v. Cloar, 30 Tenn.App. 306, 205 S.W.2d 764.

■ It is noted the plaintiff, in her brief and argument, complains that the trial judge erred in failing to respond to the jury's specific request for instruction on the meaning of statutory terms used in T.C.A. sec. 44-1408. This alleged error was not stated as a ground of plaintiff's motion for new trial.

Rule 12(5) of the Rules of the Court of Appeals provides that: "[i]n all cases where a motion for a new trial is necessary, error * * * in charging a jury * * * will not constitute a ground for reversal and a new trial, unless it affirmatively appear[s] that the same was specifically stated in the motion made for a new trial in the lower court, and decided adversely to the plaintiff in error, but will be treated as waived."

■ It should be noted also that the record shows the trial judge undertook to respond to the juror's question. No objection was made to the answer given the juror by the trial judge, nor did the plaintiff submit a request asking the trial judge to give additional and more complete instructions to the jury. It is an established general rule in this state that a party must call the trial judge's attention to that part of the jury instructions which the party believes to be inadequate, equivocal or confusing, and to submit a request for additional instructions, if the party intends to predicate error upon meagerness of the charge or possibly ambiguity. Womac v. Casteel, 200 Tenn. 588, 292 S.W.2d 782.

We have studied the charge of the court in light of the several contentions of the plaintiff and have concluded that the charge, when considered in its entirety, fairly stated the issues presented by the pleadings and evidence and was not misleading in any material respect.

Having found no material error in the charge, the assignments of error are overruled.

Judgment affirmed. Costs incident to the appeal are adjudged against Mrs. M. C. (Macey) Provence and her surety.

McAmis, P. J., and Parrott, J., concur.