**J.B. JONES, Jr., and wife, Stella Jones, Deceased, Plaintiffs/Appellees,**

v.

**TENNESSEE FARMERS MUTUAL INSURANCE COMPANY, Defendant/Appellant.**

Court of Appeals of Tennessee, Middle Section.

Oct. 7, 1994.

Permission to Appeal Denied by Supreme Court March 20, 1995.

**554**

Charles L. Trotter, Jr., Huntingdon, for defendant/appellant.

Louis W. Ringger, Jr., Decaturville, Bobby McGee, Linden, for plaintiffs/appellees.

## *OPINION*

CANTRELL, Judge.

A homeowner whose home was damaged by a fire of incendiary origin sued his insurance company to collect the insurance coverage. The insurance company alleged that the plaintiff set the fire or otherwise violated the terms of the policy by misrepresenting or concealing material facts. The trial judge entered judgment based on a jury verdict for the homeowner. We affirm.

### I.

J.B. Jones and his wife, Stella, owned a small home about two miles outside of Linden, Tennessee. The home was insured by the defendant Tennessee Farmers Mutual Insurance Company. On July 27, 1990 the home was heavily damaged by a fire that started in the kitchen.

The night before the fire Mr. Jones was home alone. Two days before his wife had taken her mother to the hospital in Columbia, and his daughter was also in Columbia staying with her brother.

Mr. Jones worked at a local sawmill. He got up on the day of the fire in time to cook his own breakfast and get to work at 7:00 a.m. He did not return home during the day. When he got off at 4:00 p.m. he went home just long enough to get some clean clothes and then drove to his son's house in Columbia, where he bathed and changed. He locked the house as he left. He and his wife and daughter possessed the only keys.

At approximately 6:00 p.m. the local fire department was called to Mr. Jones' home. They observed smoke coming from the house and ascertained that the fire was near the back door. All doors were locked, the windows were closed and there was no sign of a forcible entry. The firefighters entered the house by kicking in the back door and discovered an intense fire in a pile of wood stacked around an electric stove in the kitchen. An arson investigator for the insurance company concluded that the fire had been intentionally set and that some sort of volatile accelerant had been used. His investigation revealed that the two rear eyes on the stove were on

and the two front eyes were off. Mr. Jones testified that he was positive he turned the stove off when he left for work in the morning.

The proof also revealed other circumstances which might raise questions about the origin and the motive for setting the fire. They are: (1) About the same date on which the fire occurred, Mr. Jones suffered a burn on one of his hands. Later, when attempting to explain the burn, he told two stories about how it happened and which hand was affected; (2) Most of his daughter's clothes had been removed from her room and some pictures had been removed from their frames even though she was staying with her brother only temporarily; (3) Mr. Jones had borrowed money on the house and was typically late in making the monthly payments. At the date of the fire the balance on the debt was $2,421.47. The borrowed money had not been used to keep up the house, however, and it was in a run down condition.

Finally, the circumstances under which Mr. Jones received the news of the fire and his reaction to it are cited by the defendant as suspicious circumstances. Apparently a telephone call reporting the fire reached the hospital in Columbia about 5:45 p.m. and Mr. Jones learned about it approximately five minutes later. He does not know who might have known where he was in order to contact him. He has never attempted to find out. After learning about the fire he stayed in the hospital until approximately 10:00 p.m. He spent the night with his son and returned to Linden early the next morning.

Mr. Jones emphatically denied setting the fire, denied having someone do it, and denied knowing how the fire started.[1]

## II.

■ The insurance company insists that the case should not have gone to the jury; that the trial judge should have directed a verdict in its favor because the policy excludes coverage (1) where the insured directly or indirectly causes the loss or (2) where the insured intentionally conceals or misrepresents any material fact or circumstance or

acts fraudulently or makes false statements relating to the insurance. The defendant's position is that the uncontradicted evidence shows that Mr. Jones set the fire or he knew who did, and that he refuses to relate that fact to the company.

■ We cannot agree. The constitutional right to a jury trial requires the submission of the case to the jury except where there is no doubt as to the conclusion to be drawn from the whole evidence. *Crosslin v. Alsup,* 594 S.W.2d 379 (Tenn.1980). And this conclusion must come only after the court takes the strongest legitimate view of the evidence in favor of the opponent of the motion, allows all reasonable inferences in his favor, and discards all countervailing evidence. *Id.* at 380. When we perform that exercise in this case we come to the point where Mr. Jones' testimony is about the only thing left. He said, "I didn't do it; I didn't have anybody do it; I have no knowledge of how the fire started." We think that alone is sufficient to take the case to the jury. Mr. Jones is entitled to have the jury decide whether he is in fact telling the truth.

## III.

■ The appellant also asserts that the trial judge erred in refusing to charge the jury that if the jury believed that Mr. Jones did not set the fire, it could still deny coverage if it found that he knows who did and is lying about it.

In its answer, the defendant did plead a defense set out in the policy as follows:

16. Concealment or Fraud

This entire policy is void as to the insured if an insured person has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance or acted fraudulently or made false statements relating to this insurance.

Following the quotation of the policy provision, the answer alleges that the plaintiffs intentionally concealed and misrepresented material facts and circumstances and acted

1. Mrs. Jones had died at the time of the trial.

fraudulently by denying their involvement in the fire.

We think the insurance company seeks to stretch this provision too far. This provision in the policy speaks in the past tense. "If the insured person *has* intentionally concealed . . . or *acted* fraudulently . . . or *made* false statements. . . ." the policy is void. It does not cover future conduct or prescribe the duties the insured has during the policy term, or following a loss. Therefore, the trial judge could not be in error for refusing to charge a section of the policy that does not apply to the facts of the case.

■ In addition, we are hampered in ruling on this issue because a written request does not appear in the record. At a conference before oral arguments the defendant requested a charge on the defense raised in the answer. The trial judge refused the request, holding that the case had been tried only on the theory that Mr. Jones intentionally caused the fire.

There is a transcript of the conference, but counsel for the insurance company apparently submitted a copy of a court opinion which contained the requested charge. There is no reference in the record to the opinion nor is there a copy of the opinion. The closest thing we have to the requested charge is found in the following exchange in the judge's chambers:

> MR. TROTTER: Well let me get into the record then what I'm talking about so I can have it clear. You are going to charge about direct and circumstantial evidence?
>
> THE COURT: Right.
>
> MR. TROTTER: Okay, the part I'm talking about is on—is on the sample charge I have shown you, it looks like on the third typewritten page. Ah, and basically, you know, we have alleged this as an affirmative defense in our answer that the Plaintiff intentionally concealed or misrepresented a material fact or circumstance relating to his insurance policy. A finding by you of any of these defenses, certain others, or certify the Defendant by a preponderance of the evidence is sufficient to establish a material breech of contract by

the Plaintiff and thus prohibit recovery under the contract of insurance.

> And, you know, what I say is that the Jury can find that he did not intentionally set the fire himself.
>
> THE COURT: That's the Judge's whole charge on that, isn't it?
>
> MR. TROTTER: Well, it goes on down and refers to it later in his charge, but—
>
> THE COURT: I know, I think you— you're—I just think if he relied on all of that, just only on the defense that's your real defense, that is that he caused the fire.
>
> MR. TROTTER: Okay, you are saying that I can't rely on it as a separate matter?
>
> THE COURT: Right.
>
> MR. TROTTER: Okay. Well . . .
>
> THE COURT: But you can argue it.
>
> MR. TROTTER: All right, just as long as I am on the record and understand that, that's fine. I note my exception, I'm through.

■ We do not think we can reverse the judgment on this ground. A party cannot allege error for omissions in the charge without submitting a request setting forth the correct instructions. *See Rule v. Empire Gas Corp.,* 563 S.W.2d 551 (1978); *Provence v. Williams,* 62 Tenn.App. 371, 462 S.W.2d 885 (1970); Rule 51.02, Tenn.R.Civ.P. Under the state of this record we cannot find that the trial judge erred in refusing the requested charge.

### IV.

■ The appellant also insists that the trial judge failed to do his duty as thirteenth juror because he did not weigh the evidence and indicate his agreement with the jury's verdict.

■ The appellant filed a motion for a new trial, alleging that the verdict was contrary to the weight of the evidence. Under those circumstances it is the duty of the trial judge to weigh the evidence and determine whether it preponderates against the verdict, and if so, to grant a new trial. *James E. Strates Shows, Inc. v. Jakobik,* 554 S.W.2d 613 (1977). In this case, the trial judge simply

entered an order, without comment, finding that the motion was not well taken and overruling it. The appellant insists that the trial judge must at least indicate that he has weighed the evidence.

We disagree. "Where a trial judge has simply approved the verdict without comment an appellate court will presume that he has adequately performed his function as thirteenth juror." *Holden v. Rannick,* 682 S.W.2d 903 at 905 (Tenn.1984). There being no evidence to overcome the presumption, this issue must be decided in favor of the plaintiff.

The judgment of the court below is affirmed and the cause is remanded to the Circuit Court of Perry County for any further proceedings that may become necessary. Tax the costs on appeal to the appellant.

TODD, P.J., and FRANKS, J., concur.