# IN THE COURT OF APPEALS OF TENNESSE

## EASTERN SECTION AT KNOXVILLE

FILED

**January 13, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

DAVID HENSON and SARAH ) HAMILTON CIRCUIT
HENSON, Individually and as )
Parents and Next Friends of ) NO. 03A01-9706-CV-00230
CASEY ERIN HENSON, a Minor, )
 ) HON. ROBERT M. SUMMITT
v. ) JUDGE
 )
CARTER EXPRESS, INC.; )
ASTRO ENTERPRISES, INC.; and )
DONALD R. HURT, )
 )
  Defendants/Appellants/ )
   Appellees, )
 )
v. )
 )
KASBAR NATIONAL )
INDUSTRIES, INC.; SATHER )
TRUCKING CORPORATION; and )
DANNY L. WARREN, )
 ) AFFIRMED
  Defendants/Appellees )


Charles J. Gearhiser and Michael A. Anderson, Chattanooga, and W. Charles Doerflinger, Lawrenceburg, for Plaintiffs.

John T. Rice, Chattanooga, for Defendants Carter Express, Inc., Astro Enterprises, Inc., and Donald R. Hurt.

Steven W. Keyt, Chattanooga, for Defendant Sather Trucking Corporation.


## M E M O R A N D U M O P I N I O N

_____INMAN, Senior Judge


A jury awarded Casey Henson, age 15, $155,000.00 for damages for personal injuries[1] she sustained in a traffic crash.

---

[1] Her parents were awarded $22,300.00 for medical expenses, the reasonableness of which is not questioned.

Casey was a passenger in an automobile which collided with a truck owned by Carter Express, Inc. Other vehicles, including another Carter Express truck, were involved in the accident, the dynamics of which need not be described since liability is not an issue.

Carter Express argues on appeal that (1) the judgment is excessive, (2) the jury considered facts not in evidence, (3) the trial judge should have instructed the jury that the plaintiffs were required to mitigate damages, (4) a written statement of the witness England was erroneously excluded, and that (5) the Court erred in taking judicial notice of 49 C.F.R. Sect. 392.14 and in charging the jury of its contents and effect. Other issues were propounded but not argued. We have nevertheless considered them.

Casey suffered a fracture of her left femur, which was reduced by surgery. A steel pin was inserted, later removed. Her left leg is one-half inch shorter than her right leg. She bears an unsightly scar and indentation. The amount of the award is alleged to be excessive, but when the trial judge has approved it, our review is subject to the rational evidence rule. *Ellis v. White Freightliner Corp.,* 603 S.W.2d 125 (Tenn. 1980). We find rational evidence to support the award as rendered.

According to an affidavit from one of the jurors, Stacy McLaughlin, the jury considered the possibility that Casey might have plastic surgery in the future. This affidavit may not be considered under TENN. R. EVID. 606(b), but, even so, we do not believe that the jury thereby considered facts outside the record. It is familiar law that a juror may rely upon common sense and experiences. *Burchfield v. State,* 774 S.W.2d 178 (Tenn. App. 1988).

The defendants requested the Court to charge the jury that Stacy had a

2

duty to mitigate her damages. The Court declined to do so, and such refusal is said to be error. We agree with the argument of the appellees that the requested instruction is not in the record, and is thus beyond our reach. *Jones v. Tenn. Farmers Mutual Ins. Co.,* 896 S.W.2d 553 (Tenn. App. 1994). The asserted mitigation would involve corrective surgery to lessen the ugliness of the scar. We find no evidence in this record to require or justify such an instruction.

Another truck driver, Harry Truman England, testified that he had seen the Carter Express trucks speeding shortly before the accident. Rather than cross-examine England about the *contents* of a written statement he made, counsel for the defendants sought merely to *introduce the statement,* which the Court denied on the grounds of hearsay. We cannot assign error on the part of the trial judge for refusing to admit the statement absent a proper foundation. See TENN. R. EVID. 612.

The trial court took judicial notice of 49 C.F.R. sect. 392.14 and charged the jury accordingly. Appellants argue that they were given insufficient notice of this action, that the Rule was not published, and that it would pre-empt the duty of ordinary care under Tennessee law.

TENN. R. EVID. 202(b) authorizes a court to take judicial notice of the published regulations of a federal agency. Counsel for the defendant concedes that he received a copy of the regulation two days before trial, which we think is not unreasonable. The regulation is directed to the more careful operation of trucks in inclement weather, not essentially different from the common and statutory law of Tennessee. We find no error in the admission of this regulation.

We have considered the remaining issues propounded by the appellee that the trial court erred in refusing to charge punitive damages and find none

3

of them are meritorious.

This case is particularly subject to disposition according to RULE 10 of this Court.[2] The judgment is affirmed at the costs of the appellants.

_____
William H. Inman, Senior Judge

CONCUR:

_____
Houston M. Goddard, Presiding Judge

_____
Herschel P. Franks, Judge

---

[2]**Rule 10. Affirmance Without Opinion - Memorandum Opinion.** (b) MEMORANDUM OPINION. The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case. [As amended by order filed April 22, 1992]